BASKIN, Judge.
Dr. Joel Fleisher challenges the dismissal of an amended complaint in which he sought contribution from the Florida Patient’s Compensation Fund [Fund] for the portion of a judgment which exceeded the limited liability of joint tortfeasor Palmetto General Hospital, Inc. [Palmetto General]. The trial court based its dismissal on the failure of the parties to join the Fund in the original proceeding as required by section 768.54, Florida Statutes (Supp.1982). Agreeing with the trial court, we affirm.
In 1982, Alvin and Patricia Nance brought an action against Palmetto General and Dr. Fleisher to recover damages for injuries they sustained as a result of medical malpractice. Although Palmetto General and Dr. Fleisher were members of the Fund in good standing at the time the action was instituted, neither they nor the Nances brought the Fund into the lawsuit. Following a trial, the jury returned a verdict assessing damages at $150,000; the jury found Dr. Fleisher ten percent liable, Palmetto General eighty percent liable, and Alvin Nance ten percent liable. Pursuant to the verdict, the trial court entered a judgment against Dr. Fleisher and Palmetto General, jointly and severally, for $135,-000 in compensatory damages and $35,-174.50 for attorney’s fees and costs. Subsequently, Palmetto General moved to limit its liability to $100,000, pursuant to section 768.54(2)(f)l, Florida Statutes (Supp.1982),* and the trial court granted the motion. *437 Relying on the Uniform Contribution Among Tortfeasors Act, section 768.31 et seq., Florida Statutes (1983) [Contribution Act], Dr. Fleisher instituted an action to obtain contribution from the Fund so that his liability to the Nances would not exceed his proportionate share of the judgment. When the trial court dismissed Dr. Fleisher’s amended complaint for contribution, he appealed.
Dr. Fleisher argues that he is entitled to contribution under the Contribution Act because Palmetto General is a member of the Fund in good standing, and the Fund should therefore be responsible for the amount of the judgment exceeding Palmetto General’s limited liability and Dr. Fleisher’s pro rata share of the damages awarded. In response to Dr. Fleisher’s assertions, the Fund advances several arguments to support its position that an action for contribution is not viable. We find merit in the Fund’s contention that the parties’ failure to join the Fund in the underlying malpractice action precludes recovery from the Fund in a subsequent action for contribution.
The legislature and the courts have imposed a requirement that the Fund be joined in a medical malpractice action to afford it an opportunity to defend itself. The Florida Patient’s Compensation Fund statute, section 768.54(3)(e)l, Florida Statutes (Supp.1982), sets forth the following procedures:
Any person may file an action against a participating health care provider for damages covered under the fund, except that the person filing the claim shall not recover against the fund unless the fund was named as a defendant in the suit. The fund is not required to actively defend a claim until the fund is named therein.
In a recent decision, Taddiken v. Florida Patient’s Compensation Fund, 478 So.2d 1058 (Fla.1985), the supreme court enunciated strong policy reasons for mandating that the Fund be joined “at the earliest possible date.” Taddiken, 478 So.2d at 1061.
In order for the Fund to fulfill its dual purposes of protecting health care providers and compensating malpractice victims, it must be actuarially sound. The legislature may well have detennined that the joinder requirement would best accomplish this end if the Fund is made a party to the action early on.... The legislature could reasonably have determined that compliance with the risk management requirements, allowing the Fund both to minimize adverse incidents and to estimate upcoming expenses, is better facilitated by its joinder in medical malpractice lawsuits at the earliest possible date.
Even more significantly, timely joinder of the Fund is critical if the Fund is to protect its own interests and not have to rely on the health care providers. Under the legislative plan the liability exposure of the Fund is open ended and potentially very great, whereas that of the health care providers is relatively small. Accordingly, the statute provides that the Fund will retain its own counsel and actively defend itself. It would be illogical to permit late joinder of the defendant with the greatest stake in the outcome of the litigation after the outcome may have been largely determined. It is true ... that the Fund and health care providers have a mutuality of interest in defending the suit, but it is also true that their interests are not necessarily congruent and only the Fund can in the final analysis determine how best to protect itself.
Taddiken, 478 So.2d at 1061. An injured patient has “the burden of making the Fund a party in any suit where recovery is sought against a health care provider in excess of $100,000....” Mercy Hospital, Inc. v. Menendez, 371 So.2d 1077, 1079 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1198 (Fla.1980). In light of the policy reasons expressed in Taddiken, we extend the holding of Mercy Hospital to apply to an action such as the one before us where a joint tortfeasor, rather than a patient, seeks recovery from the Fund. We therefore hold that the Fund must be joined in *438 the initial medical malpractice action if recovery is to be obtained.
Although the Fund statute does not specifically authorize recovery from the Fund by a health care provider, we find nothing’ which would have precluded either Dr. Fle-isher or Palmetto General from joining the Fund as a third party in the initial action. See New Hampshire Insurance Co. v. Petrik, 343 So.2d 48 (Fla. 1st DCA 1977); VTN Consolidated, Inc. v. Coastal Engineering Associates, Inc., 341 So.2d 226 (Fla. 2d DCA 1976), cert. denied, 345 So.2d 428 (Fla.1977); Fla.R.Civ.P. 1.180. Had the legislature wished to prohibit a third party action for contribution, it could have easily done so when it enacted the statute. See Florida Patient’s Compensation Fund v. Miller, 436 So.2d 932 (Fla. 3d DCA 1983). The omission of the Fund bars the imposition of liability against it in a post-judgment action for contribution.
For these reasons, we affirm the trial court’s dismissal of Dr. Fleisher’s complaint.
Affirmed.
HENDRY, J., concurs.

 Section 768.54 establishes the Florida Patient’s Compensation Fund. Health care providers complying with the requirements of the Fund statute are members of the Fund and are entitled to a limitation of liability in accordance with the schedule set forth in section 768.-54(2)(f). At the time the underlying action was initiated, a member health care provider was responsible for paying the initial $100,000 of a claim. § 768.54(2)(f)l.