490 So.2d 132 (1986)
George BOUCHOC, St. Francis Hospital, Appellants/Cross-Appellees, and the Florida Patient's Compensation Fund, Appellant,
v.
Edna PETERSON, As Personal Representative of the Estate of Frederick Peterson, Deceased, for the Use and Benefit of Edna Peterson, As Surviving Spouse and the Estate of Frederick Peterson, Appellee/Cross-Appellant.
Nos. 85-973, 85-1009.
District Court of Appeal of Florida, Third District.
June 3, 1986.
Rehearing Denied July 22, 1986.
*133 Talburt, Kubicki, Bradley & Draper and Betsy E. Gallagher, for appellants/cross-appellees George Bouchoc and St. Francis Hosp.
Joe Unger, Miami, for appellant Florida Patient's Compensation Fund.
Holland & Knight and Julian Clarkson and Richard Nichols, Tallahassee, for appellee/cross-appellant.
Before HUBBART, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
This appeal is brought from a final judgment for attorney's fees based on section 768.56, Florida Statutes (1983),[1] against defendants, health care providers and the Florida Patient's Compensation Fund. By cross-appeal plaintiff challenges the amended final judgment on liability and damages to the extent that it limits the health care providers' liability to the statutory $100,000 without conditioning the limitation on the Fund's ability to satisfy that amount of the judgment which exceeds $100,000.
We affirm the judgment on the authority of Florida Patient's Compensation Fund v. Miller, 436 So.2d 932 (Fla. 3d DCA 1983) where, although in a different factual setting, we held that the Fund is liable for the attorney's fees, as well as damages arising from a plaintiff's injuries caused by the health care provider, after the provider has paid $100,000.[2]Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985) is also supportive. In that case the Fund was heard on a challenge to the fee statute on constitutional grounds. The Fund's standing to challenge the statute rested on the unaddressed premise that the Fund could be liable to pay attorney's fees where it was a nonprevailing party.
The question whether the health care provider has to pay the amount of the judgment which exceeds $100,000 if the Fund is unable to pay was expressly not answered by the supreme court in Florida Patient's Compensation Fund v. Von Stetina, *134 474 So.2d 783 (Fla. 1985). The cross-appeal here presents the same question, which we also need not address as there is no showing that the Fund is unable to pay the judgment and fees.
Affirmed.
HUBBART, J., concurs.
DANIEL PEARSON, Judge, dissenting.
In Florida Patient's Compensation Fund v. Miller, 436 So.2d 932 (Fla. 3d DCA 1983), the majority concluded that once a member of the Fund  there a doctor  had fulfilled the statutory requirements  that is, payment of the membership fee, payment of the first $100,000 of the judgment, and provision of an adequate defense for the Fund  the member need pay no more, and attorney's fees owed by him as an indemnitor of his co-defendant were the responsibility of the Fund. In the present case, the majority, relying on Miller, concludes that fulfilling these same statutory requirements insulates the member-doctor from liability for a plaintiff's attorney's fees, the payment of which, it is again decided, is to be the Fund's sole responsibility.
I dissented in Miller, and I dissent here. I am still of the view that even though a member's liability for damages arising from his negligent conduct may be limited to $100,000 when he complies with the statutory requirements, he may nonetheless be held responsible to pay other expenses of litigation such as attorney's fees notwithstanding that he or his insurer may ultimately pay out more than $100,000.
In the present case, a final judgment was entered against St. Francis Hospital; its employee, Bouchoc; and the Fund, holding these defendants jointly and severally liable to the plaintiff. The plaintiff as the prevailing party was awarded attorney's fees under Section 768.56, Florida Statutes (1981). The hospital and its employee contended, and the trial court agreed, that because they, as members of the Fund, had met all statutory requirements and had paid $100,000 towards the judgment, any additional liabilities, including the plaintiff's attorney's fees, were the responsibility of the Fund alone.
In my view, there is even less basis for upholding the trial court's decision than existed in Miller. Under the clear provisions of Section 768.54, Florida Statutes, health care providers who are members of the Fund are permitted to limit their liability for "any claim arising out of the rendering of or failure to render medical care or services" resulting in patient injury. § 768.54(3)(a), Fla. Stat. (1981). Plaintiff's attorney's fees arise out of, but are by definition not part of, a successful claim, and that excess portion of a claim which the Fund is responsible to pay cannot, therefore, include attorney's fees. Moreover, when the statute creating the Fund and describing its responsibilities and those of its member health care providers was enacted in 1975, there was no statutory basis for the recovery of attorney's fees against the non-prevailing party in a medical malpractice action. The provision for attorney's fees in medical malpractice actions did not come into existence until 1980, when Section 768.56 was enacted. Quite obviously, the 1975 Legislature could not have considered the payment of a plaintiff's attorney's fees when it imposed upon the Fund the responsibility of paying claims resulting in judgments against members in excess of $100,000.[1] Additionally, as the Fund's counsel points out, holding the Fund responsible for plaintiff's attorney's fees is inconsistent with the statute's purpose:
"In fact, there are implications from the statutory language to indicate that the contrary was intended. For example, if it were to be the responsibility of the Fund to pay all attorney's fees in excess of the underlying $100,000 responsibility *135 of a health care provider, it could be to the benefit of the health care provider not to settle a claim or offer the limits of its liability, knowing that if this gamble is lost it can only be liable for the maximum amount of the applicable Fund entry level and not for any additional amount, including attorney's fees. Rather than alleviating the medical malpractice `crisis', this could have a chilling effect on pretrial settlements."
Appellants' Brief, pp. 7-8.
Finally, it seems to me that making the Fund solely liable for the payment of plaintiff's attorney's fees effectively nullifies that part of Section 768.56, which requires that the trial court equitably allocate the taxation of such fees against nonprevailing parties.[2] Assuming, arguendo, that the Fund can be held liable for the payment of a plaintiff's attorney's fees, requiring it to pay the entirety of these fees offends against the equitable allocation requirement of the statute. The liability of the Fund to pay a plaintiff injured in a medical malpractice is vicarious only; any negligence involved was that of the health care providers, not the Fund. Equitable allocation of attorney's fees cannot possibly be achieved by assessing all fees against the party vicariously liable while permitting the party who was negligent to escape payment of fees.
Our holding in Florida Patient's Compensation Fund v. Mercy Hospital, 419 So.2d 348 (Fla. 3d DCA 1982), that a member-provider, not the Fund, is liable over and above the $100,000 limit for punitive damages resulting from its conduct attests to the fact that the Fund is designed for the benefit of the public, not to insulate health care providers for all the consequences of their actions. The goal of deterrence that caused this court in Mercy Hospital to place the responsibility for payment of punitive damages on the provider rather than the Fund should cause us to require the provider to pay the fees awarded to the prevailing plaintiff. It is apparent that in enacting the attorney's fee statute, the Legislature intended to instill in prospective plaintiffs and defendants a cautious attitude towards initiating questionable claims or advancing non-meritorious defenses. See Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985).[3] It seems to me that the attorney's fee provision loses a large part of its intended salutary effect when the health care provider is absolved, as it is by the majority here, from the responsibility to pay any part of the plaintiff's fees.
I would reverse.
NOTES
[1] The provision has since been repealed. Ch. 85-175, § 43, Laws of Fla.
[2] Of course we disagree with the dissent's suggestion that the same public policy which precludes shifting of punitive damages to an insurer should also preclude insurer liability for a nonprevailing party's attorney's fees. It is doubtful that the legislature intended the statute as a punitive measure against a party who unsuccessfully advanced an otherwise tenable defense.
[1] The mention of attorney's fees in Section 768.54(3)(e)3 obviously does not refer to the later enacted attorney's fee provision of Section 768.56 and can refer only to the payment of fees to the plaintiff's attorney under an agreed settlement. Under this provision, fees owed by the plaintiff to his attorney are excluded from the periodic payment for certain types of damages.
[2] In pertinent part, the statute provides:

"the court shall allocate its award of attorney's fees among prevailing parties and tax such fees against nonprevailing parties in accordance with the principles of equity." (emphasis supplied).
[3] The majority is correct in observing that although the Fund's standing to challenge the constitutionality of the attorney's fee provision may have been bottomed on the Fund's potential liability, no one challenged the Fund's standing or addressed the issue.