493 So.2d 510 (1986)
FLORIDA PATIENT'S COMPENSATION FUND, Appellant,
v.
Elmer MAURER, M.D. and Winter Haven Hospital, Inc., Appellees.
No. 85-2734.
District Court of Appeal of Florida, Second District.
August 22, 1986.
Rehearings Denied September 18, 1986.
Marguerite H. Davis, Frederick L. Bateman, Jr. and James E. Alderman of Swann & Haddock, P.A., Tallahassee, Orlando and Fort Pierce, for appellant.
Julian Clarkson of Holland & Knight, Tallahassee, for appellee Elmer Maurer.
Jeffrey C. Fulford of Adams Hill & Fulford, Orlando, for appellee Winter Haven Hosp., Inc.
*511 FRANK, Judge.
Before us is a challenge to an order in which the trial court determined the Florida Patient's Compensation Fund is solely responsible for the payment of the costs and attorney's fees taxed against Elmer Maurer, M.D. (Maurer) and the Winter Haven Hospital, Inc. (Hospital), the unsuccessful defendants in a medical malpractice action.
The litigation underlying the present proceeding was initiated against Maurer, the Hospital and the Florida Patient's Compensation Fund (FPCF) in 1982. A final judgment was entered upon a jury verdict awarding the plaintiff $400,000.00. The final judgment was later reduced by amendment to $385,000.00 because of a $15,000.00 settlement reached with a codefendant. Thereafter, the trial court, pursuant to section 768.56, Florida Statutes (1981), awarded the prevailing plaintiff costs totalling $15,355.30 and attorney's fees in the amount of $133,333.33. It taxed those sums against Maurer, the Hospital and FPCF, jointly and severally.[1] Maurer and the Hospital sought to restrict their respective liabilities to the $100,000.00 level prescribed in section 768.54, Florida Statutes (1981), and the trial court entered an "Order Granting Motions To Limit Liability" finding that FPCF was liable for the balance of the final judgment including the costs and attorney's fees taxed against Maurer and the Hospital. FPCF attacks that determination claiming that Maurer's and the Hospital's liability policies provide for the payment of costs levied against them. FPCF is correct; Maurer and the Hospital, not the FPCF, are liable for the costs pursuant to section 768.54(2)(b), Florida Statutes (1981), which provides that "a health care provider shall not be liable for an amount in excess of $100,000 ... or the maximum limit of the underlying coverage maintained by the health care provider ... whichever is greater."
We reject, however, FPCF's further assertion that Maurer and the Hospital should also pay the attorney's fees based upon the premise that such fees are to be treated as costs. We adhere to our view that attorney's fees are costs only when authorized by contract or statute. Grasland v. Taylor Woodrow Homes Ltd., 460 So.2d 940 (Fla. 2d DCA 1984). Neither predicate for such an award exists in the instant matter.
FPCF's final contention is that the limitation of liability enjoyed by a health care provider pursuant to section 768.54(2)(b) is not intended to foreclose imposing a prevailing plaintiff's attorney's fees upon the health care provider. Recognizing that the Third District has rejected this construction of section 768.56 and has held otherwise, we disagree and note conflict with the majority in Bouchoc v. Peterson, 490 So.2d 132 (Fla. 3d DCA 1986). We adopt the reasoning of the dissent in Bouchoc. Thus, as Judge Pearson noted, to place a vicarious responsibility upon the FPCF for a tortious health care provider's liability to pay a successful plaintiff's attorney's fee is inconsistent with the purpose of section 768.54. We concur in the conclusion that: "Plaintiff's attorney's fees arise out of, but are by definition not a part of, a successful claim, and that excess portion of a claim which the Fund is responsible to pay cannot, therefore, include attorney's fees." Id., at 134.
Accordingly, we reverse the trial court, vacate the "Order Granting Motions To Limit Liability" and remand for the entry of an order consistent with this opinion.
LEHAN, A.C.J., and HALL, J., concur.
NOTES
[1] Section 768.56 was repealed in the 1985 session of the legislature. Ch. 85-175 § 43, Laws of Florida.