COWART, Judge.
This case involves interpretation of section 475.482, et seq., Florida Statutes, which provides the Florida Real Estate Recovery Fund for reimbursement of persons damaged by certain wrongful acts committed by a licensed broker or salesman as part of brokerage transactions involving Florida real property.
A licensed real estate broker agreed to help appellant Hakan Erzene buy a home in Florida. Under the directions of the broker, appellant signed two contracts to purchase homes, deposited $6,000 with the broker, and moved his family from New York to Florida in anticipation of closing. Neither transaction closed and the broker failed to return the $6,000 deposit to appellant. Appellant sued the broker for conversion, breach of fiduciary duty, civil theft, and racketeering seeking damages for the lost deposit, living expenses, cost of storage, and loss of income.
At the time the action against the broker was commenced appellant gave notice to the Florida Real Estate Commission pursuant to section 475.483(l)(b), Florida Statutes. The Commission did not defend appellant’s action against the broker as it had a right to do under section 475.4835, Florida Statutes. The broker defaulted in defense and the issue of damages was sub *428 mitted to a jury. Based on the jury’s verdict the trial court entered a judgment for appellant and against the broker for $20,-000 compensatory damages, $10,000 punitive damages, $407.88 interest, and $128.50 costs. A writ of execution was issued and returned nulla bona. Pursuant to section 475.482, Florida Statutes, appellant filed a claim with the Commission for payment from the Real Estate Recovery Fund. After a hearing the Commission granted appellant $6,407.88 representing the loss of the $6,000 escrow deposit and $407.88 prejudgment interest.
On this appeal appellant claims he is entitled to $20,536.38, being his adjudicated $20,000 compensatory damages plus $407.88 prejudgment interest and $128.50 costs. The commission argues that the real estate transaction did not fail to close due to the act or omission of the broker and that therefore a portion of appellant’s compensatory damages did not result from the broker’s acts or omissions and are not collectible from the Real Estate Recovery Fund and that appellant is entitled only to reimbursement for the $6,000 deposit and prejudgment interest. We agree with appellant.
Section 475.482(1), Florida Statutes, provides for reimbursement from the Florida Real Estate Recovery Fund “to any person or corporation adjudged by a, court of competent jurisdiction to have suffered monetary damages by reason of [certain acts of a licensed broker or salesman].” (emphasis supplied) The clear language of section 475.484(l)(a), Florida Statutes, provides that such a person is entitled to recover from the Real Estate Recovery Fund
... an amount equal to the unsatisfied portion of such person’s judgment or $25,000, whichever is less, but only to the extent and amount reflected in the judgment as being actual or compensatory damages, (emphasis supplied)
The commission should have defended appellant’s action against the broker in the trial court and have made its argument there and had the trial court have the judgment differentiate between the items of damages if necessary. The commission failed, neglected, or refused to do that and, because of the clear language in the statute, it cannot now attempt to go back of the court adjudication of the amount of appellant’s compensatory damages as reflected in the judgment.
The order of the Florida Real Estate Commission awarding appellant $6,407.88 is reversed and the cause remanded with directions that the commission order appellant be reimbursed for the unsatisfied portion of appellant’s judgment which is reflected in the judgment as being his actual or compensatory damages, that is, $20,-536.38.
REVERSED and REMANDED.
COBB, J„ and DANIEL, C.W., Associate Judge, concur.