PER CURIAM.
In these consolidated appeals, appellants, Florida Patient’s Compensation Fund (“FPCF”) and St. Joseph’s Hospital, Inc. (“St. Joseph’s”), both appeal the trial court’s single final judgment requiring each appellant to pay a pro rata share of the attorney’s fees awarded to appellee pursuant to section 768.56, Florida Statutes (1981). FPCF argues that the legislative scheme encompassed within chapter 768 does not contemplate FPCF being liable for attorney’s fees as a part of a “claim” which FPCF may be obligated to pay. St. Joseph’s argues that once they have paid their entry level limits (in this case $100,-000) as required by chapter 768, their obligation is satisfied and they are not liable for additional payments in the form of attorney’s fees.
We addressed this issue in Florida Patient’s Compensation Fund v. Maurer, 493 So.2d 510 (Fla. 2d DCA 1986). In that case, we held that FPCF was not liable for attorney’s fees imposed pursuant to section 768.56. (Repealed by ch. 85-175, § 43, Laws of Florida.) In addition, we held that the health care provider was liable for such fees.
Following Maurer, we reverse the holding of the trial court which imposed a pro rata liability for attorney’s fees on FPCF, vacate the final judgment and remand for entry of a final judgment consistent herewith. By our holding herein, we are again in conflict with Bouchoc v. Peterson, 490 So.2d 132 (Fla. 3d DCA 1986).
DANAHY, C.J., and CAMPBELL and SANDERLIN, JJ., concur.