SHARP, Judge.
Comfort Makers, Inc. and Mary Ann Kenton, personal representative of the Estate of John W. Kenton, Jr. (her deceased husband) appeal from a final judgment awarding Comfort Makers, Inc. $55,200.00 in compensatory damages in its suit against the Estate of John W. Kenton, Sr. (Kenton, Jr.’s deceased father). After a non-jury trial, the lower court found that Kenton, Sr. wrongfully paid himself a $60,-000.00 bonus in 1984 during a period of time when he was operating Kenton Jr.’s wholly-owned company, Comfort Makers, Inc., following Kenton Jr.’s accidental death in 1982; and that Kenton, Sr. caused economic loss to the company by prepaying a $360,000.00 promissory note owed to himself. Appellants argued on appeal that the trial court erred in deducting from the $60,-000.00 bonus approximately $28,800.00 for income taxes the corporation would have had to pay the federal government had it not paid Kenton, Sr. the $60,000.00 unauthorized bonus, and that it erred in not awarding appellants prejudgment interest and punitive damages. Appellees cross-appeal. We reverse in part.
The facts in this case are not in conflict. In 1979, Kenton, Sr. sold his business, Comfort Makers, Inc. to his son. The sale was effected by Comfort agreeing to redeem Kenton Sr’s stock for $360,000.00. This obligation was represented by a promissory note payable to Kenton, Sr. in 120 equal payments, the last of which was due in March, 1989.
The promissory note did not require the payment of interest. However, prior to Kenton, Jr.’s death, the company’s accountant advised them to recast the obligation for tax reasons, and the company commenced paying 6% interest. Principal and interest payments were regularly made to Kenton, Sr. on this recast basis until April of 1984 when Kenton Sr. paid himself $141,644.85, the balance still owed on the note.
In February of 1982, Kenton, Jr. was killed in an automobile accident. Kenton, Sr. was appointed curator of his son’s estate, and he ran Kenton, Jr.’s business. He later served as a director and president of the company until he was removed in 1984. Prior to his removal, he paid himself a bonus of $60,000.00, which the trial court found was unauthorized. Kenton, Sr. also prepaid the promissory note owed to himself. The trial court found this breached his fiduciary duties, resulting in $24,000.00 in damages to the company. After this litigation began, Kenton, Sr. died, and his estate was substituted as a party.
We agree with appellants that the trial court’s reduction of sums from the $60,000.00 invalid bonus payment for income taxes which might have been payable to the federal government had the bonus not been paid, was erroneous. Any recovery Comfort obtains in this cause will be taxable,[1] and it is speculative at best to determine what Comfort might have done with the $60,000.00 to avoid the full impact of the income tax had.it not been removed from its gross income by way of the improper bonus payment.[2]
Generally, the income tax liability of a plaintiff is not relevant to the damage issue.[3] An award of compensatory damages should put Comfort in the same financial posture it would have been in had the bonus not been paid: specifically, $60,000.00 *1386 more in assets.[4] Whether or not it would have added to Comfort’s net income, or have been spent fully or partially in some nontaxable way cannot now be ascertained. In any event, a wrongdoer should not be allowed to profit from his own wrongdoing.[5] Were a wrongdoer allowed to retain a portion of stolen monies which theoretically should have been paid to Uncle Sam, it would become profitable to steal from a wealthy company.
However, we affirm the damage award pertaining to prepayment of the note. Appellants adduced sufficient evidence to show the company lost at least $24,000.00 in interest benefits, had the obligation been paid according to its terms, at the agreed upon 6% rate. At that time, the current rate of interest which Comfort could have obtained, if it had tried to borrow the balance of the note owed, was an average of 13½%. Projected over the term of the note, the interest loss was $27,791.11.
We reject appellants' claim that the trial court should have awarded punitive damages in this case. Although punitive damages are recoverable in a case involving breach of fiduciary duties,[6] there is no absolute right to such an award.[7] This was essentially a family fight, and perhaps the equities were not fully on one side. We find the trial court did not breach its discretion in failing to award punitive damages.
Finally, we find the trial court erred by failing to award prejudgment interest on that portion of the compensatory damage award which relates to the invalid bonus payment. The $60,000.00 invalid bonus became “liquidated” when the damages were fixed, and its loss to Comfort was clearly established by the record on the date it was wrongfully paid.[8] However, we agree with appellees that prejudgment interest was not appropriate for that portion of the compensatory damage award regarding prepayment of the note. This determination of damages rests on the fact-finder’s resort to testimony about fluctuating market interest rates, and projecting the differential in those rates over a lengthy time period. In contrast with the bonus, this loss was not fixed by record as having occurred at a particular date. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985).
Accordingly, the judgment shall be amended by adding thereto a sum sufficient to equal the full amount of the $60,-000.00 bonus; and this case is remanded for entry of an appropriate judgment, which shall include prejudgment interest on the invalid bonus. Otherwise, the judgment is affirmed.
AFFIRMED AS AMENDED; REMAND.
UPCHURCH, C.J., and DAUKSCH, J., concur.

. Hanover Shoe v. United Shoe Machinery Corp., 392 U.S. 481, 88 S.Ct. 2224, 20 L.Ed.2d 1231 (1968).

. G & R Corp. v. American Security <6 Trust Co., 523 F.2d 1164 (D.C.Cir.1975).

.Good Samaritan Hospital Ass’n, Inc. v. Saylor, 495 So.2d 782 (Fla. 4th DCA 1986).

. Renuart Lumber Yards v. Levine, 49 So.2d 97 (Fla.1950).

. Schmitt v. Bethea, 78 Fla. 304, 82 So. 817 (Fla.1919).

. Aero International Corp. v. Florida National Bank of Miami, 437 So.2d 156 (Fla. 3rd DCA 1983), review denied, 449 So.2d 264 (Fla.1984).

. St. Regis Paper Co. v. Watson, 428 So.2d 243 (Fla. 1983).

. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985).