SHARP, Chief Judge.
Tucker appeals from an administrative order of the Florida Real Estate Commission awarding him a recovery of $4,640.00 from the Florida Real Estate Recovery Fund. This sum represents a compensatory damage award consisting of a $4,000.00 deposit paid by Tucker to Fred Thomas, a licensed real estate broker, and $640.00 in prejudgment interest. The commission denied Tucker’s claim for $1,500.00 for attorney’s fees and $109.50 in costs. Tucker argues that he is entitled to receive these additional sums as compensatory damages. We agree.
Originally Tucker sued Thomas in circuit court and obtained a judgment against him for $10,249.50, plus interest at the rate of 12% per annum. Tucker was unable to locate any assets of Thomas, and requested payment from FREC. Tucker was also awarded $4,000.00 in punitive damages, but does not appear to argue entitlement to this award from the Fund.
The issue in this case is whether or not attorney’s fees and costs are recoverable as “actual or compensatory” damages, pursuant to section 475.484(l)(a). That statute provides for recovery against the fund
in an amount equal to the unsatisfied portion of such person’s judgment or $25,000.00, whichever is less, but only to the extent and amount reflected in the judgment as being actual or compensatory damages; ... (emphasis added).
Generally speaking, damages are of two kinds, compensatory and punitive. 22 Am.Jur.2d § 1 at 13 (1965). Actual damages are compensatory damages. United States v. State Road Department of Florida, 189 F.2d 591 (5th Cir.1951), cert. denied, 342 U.S. 903, 72 S.Ct. 291, 96 L.Ed. 676 (1952). Compensatory damages are awarded as compensation for the loss sustained to make the party whole so far as that is possible. Fisher v. City of Miami, 172 So.2d 455 (Fla.1965). They arise from actual and indirect pecuniary loss. Margaret Ann Supermarkets, Inc. v. Dent, 64 So.2d 291 (Fla.1953).
In Florida there can be no recovery as damages of the expenses of litigation and attorney’s fees unless authorized by statute or contract.[1] See also, 25 C.J.S. § 50 at 777 (1966). They are not recoverable as general or special damages. Id. at 779. However, there are various exceptions and modifications to the general rule. Id. at 781. An exception may occur
under some circumstances where the wrong is of such character that the proper protection of his [plaintiff’s] rights *148 requires plaintiff to employ counsel to gain redress....
Id. at 781. See, Northamerican Van Lines, Inc. v. Roper, 429 So.2d 750, 752 (Fla. 1st DCA 1983). In that type situation, it has been held that a plaintiff may recover reasonable counsel fees as an element of damages. Id. at 781. For example, an indemnitee is entitled to recover reasonable attorney’s fees as part of a damage award, although there is no contract or statutory provision authorizing such recovery. See, Morse Auto Rentals, Inc. v. Dunes Enterprises, Inc., 198 So.2d 652 (Fla. 3rd DCA 1967).
In Mystery Fun House, Inc. v. Magic World, Inc., 417 So.2d 785 (Fla. 5th DCA 1982), this court held that attorney’s fees provided for in a lease were an element of compensatory damages which should be determined by the jury. Similarly, in this case, Tucker was entitled to attorney’s fees under his contract with Thomas, as a “prevailing party.” In his original suit he pled and sought attorney’s fees against Thomas. We see no reason why he should not recover them against the Fund, which is essentially substituted for Thomas as a vehicle for recovery in this case.
We also hold that Tucker is entitled to recover his costs. In Erzene v. Florida Real Estate Commission, 504 So.2d 427 (Fla. 5th DCA 1987), this court permitted recovery of costs in a suit involving section 475.482(l)(a). In Erzene, the appellant claimed he was entitled to $20,536.38 in damages, which represented $20,000.00 in compensatory damages, $407.88 in prejudgment interest, and $128.50 in costs. This court reversed FREC’s award of $6,407.88 and remanded with directions that the Commission order appellant to be reimbursed for “the unsatisfied portion of appellant’s judgment which is reflected in the judgment as being his actual or compensatory damages, that is, $20,536.38.” Erzene at 428. Thus, the $128.50 costs were necessarily included in appellant’s actual or compensatory damages.
Accordingly, the order of the Florida Real Estate Commission is reversed and the cause remanded with directions that the commission amend its order to include costs and attorney’s fees as established by Tucker. We agree the Commission properly disallowed recovery of the punitive damage award.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
COWART, J., concurs.
UPCHURCH, F.D., Jr., Judge, Retired, dissents with opinion.

. Florida Patient’s Compensation Fund v. Maurer, 493 So.2d 510 (Fla. 2d DCA 1986), quashed other grounds, Florida Patient’s Compensation Fund v. Bouchoc, 514 So.2d 52 (Fla.1987); Citizens Federal Savings and Loan Association of St. Lucie County v. Loeb, Rhodes, Hornblower & Co., 473 So.2d 679 (Fla. 4th DCA 1984).