PER CURIAM.
This is an appeal by the Florida Patient’s Compensation Fund [Fund], a defendant in a contribution action brought by a physician, from an adverse judgment on the pleadings entered upon the Fund’s third-party claim against the physician’s insurer Caduceus Self Insurance [Caduceus]. This case has previously been before this court wherein we reversed the trial court’s dismissal of the physician’s contribution claim against the Fund. Fleisher v. Florida Patient’s Compensation Fund, 498 So.2d 436 (Fla. 3d DCA 1986), rev. denied, 504 So.2d 767 (Fla.1987).
*14 We reverse the final judgment under review and remand for further proceedings upon a holding that the well-pled allegations of count II of the Fund’s third-party complaint state a valid cause of action against Caduceus, namely, a breach of a fiduciary duty owed by Caduceus to the Fund under Section 768.54(3)(e)(2), Florida Statutes (Supp.1982), which provides:
“It shall be the responsibility of the insurer or self-insurer providing insurance or self-insurance for a health care provider who is also covered by the fund to provide an adequate defense on any claim filed which potentially affects the fund, with respect to such insurance contract or self-insurance contract. The insurer or self-insurer shall act in a fiduciary relationship toward the fund with respect to any claim affecting the fund.”
It is alleged in the above-stated count that the failure of Caduceus to file appropriate pleadings in defense of the aforesaid physician in the original medical malpractice action, so as to limit the liability of the said physician, in effect, exposed the Fund to the present contribution claim by the physician. Contrary to Caduceus’ contention, it is plain that the above statute imposes a fiduciary duty upon Caduceus to protect the interests of the Fund in the original malpractice action.
Reversed and remanded.