574 So.2d 275 (1991)
Judith SILVERMAN, Appellant,
v.
Harvey PITTERMAN, Appellee.
No. 89-2550.
District Court of Appeal of Florida, Third District.
February 12, 1991.
*276 Nicolas A. Manzini, Miami, and Jeremy A. Koss, North Miami Beach, for appellant.
Stewart A. Merkin, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
PER CURIAM.
Appellant Judith Silverman claims the trial court erred in granting summary judgment in real estate broker Harvey Pitterman's favor in her action seeking compensatory and punitive damages for Pitterman's alleged breach of fiduciary duty. We find that issues of fact existed which precluded the order granting summary judgment and we reverse on that basis.
Robert and Judith Silverman were parties to a heated and bitter dissolution of marriage proceeding. The Silvermans' final judgment of dissolution of marriage ordered that the marital home be sold and the proceeds split equally between the spouses. Upon Mr. Silverman's recommendation and with Mrs. Silverman's approval, the couple entered into a listing agreement with Pitterman. Several weeks after the home was listed for sale, the broker informed Mrs. Silverman that an offer had been received. The offer was subsequently accepted and the sale concluded. Prior to entering the listing agreement, Mrs. Silverman knew the broker had acted as her ex-spouse's expert witness at the couple's dissolution proceeding. However, unbeknownst to Mrs. Silverman, the broker was romantically involved with her ex-spouse's divorce attorney. Mrs. Silverman claims that had she known of this romantic relationship, she never would have hired Pitterman. Thus, she argues, the broker's failure to disclose this information constituted a breach of his fiduciary duty and constructive fraud. Further, she asserts that under the broker's biased supervision, the home sold for less than its fair market value.
A broker's duty to his principal is one of trust, confidence, good faith, and loyalty. Chisman v. Moylan, 105 So.2d 186 (Fla. 2d DCA 1958). A broker is obligated to inform the principal of any circumstance which might reasonably be expected to influence the complete loyalty of the broker to the interests of his principal, or that might reasonably be expected to influence the principal in negotiations. MacGregor v. Florida Real Estate Comm'n, 99 So.2d 709 (Fla. 1958). The broker is obligated to inform his principal with "fairness, promptness, and completeness" concerning all facts within his knowledge which are material to his representation. Chisman, 105 So.2d at 189. See Connelly v. Special Road & Bridge Dist. No. 5, 99 Fla. 456, 126 So. 794 (1930); Kline v. Pyms Suchman Real Estate Co., 303 So.2d 401 (Fla. 3d DCA 1974), cert. denied, 314 So.2d 588 (Fla. 1975); Restatement (Second) of Agency § 381 (1958). A material fact is generally defined as one to which a reasonable person would attach importance in determining a choice of action. See Black's Law Dictionary 881 (5th ed. 1979); 12 C.J.S. Brokers § 57 (1980).
Under Florida law, materiality is a question of fact to be determined by the trier of fact. See Atlantic Nat'l Bank of Florida v. Vest, 480 So.2d 1328 (Fla. 2d DCA 1986) (whether misrepresentation was one of material fact for purposes of determining negligent misrepresentation question of fact), review denied, 508 So.2d 16 (Fla. 1987); Jaffe v. State, 438 So.2d 72 (Fla. 5th DCA) (whether modification of offering is material depends on substance of change and the subject matter in context and is a question of fact for the jury), review dismissed, 436 So.2d 99 (Fla. 1983). Thus, the materiality of Pitterman's relationship with the divorce attorney is a question of fact to be determined by the trier of fact.
If the jury finds that Pitterman breached his duty to disclose to his principal material facts within his knowledge, then Mrs. Silverman may seek both compensatory damages, see Erzene v. Florida Real Estate Comm'n, 504 So.2d 427 (Fla. 5th DCA 1987), and punitive damages, see *277 Comfort Makers, Inc. v. Estate of Kenton, 515 So.2d 1384 (Fla. 5th DCA 1987), as well as forfeiture of commission. See Carter v. Owens, 58 Fla. 204, 50 So. 641 (1909) (concealment from the principal of material facts known to the agent may result in a forfeiture of the agent's right to compensation for his services); Prall v. Corum, 403 So.2d 991 (Fla. 2d DCA 1981).
Accordingly, the trial court's order is reversed and the case remanded.