ANSTEAD, Judge.
We affirm the order of the Florida Real Estate Commission denying appellants’ *479 claims for attorney’s fees from the Florida Real Estate Recovery Fund.
The Fund was set up by the legislature in part to reimburse persons who are victimized by unscrupulous real estate agents. Appellants made claims against the Fund based on civil judgments recovered in 1989 against a broker who failed to return deposits from two failed real estate transactions in early 1988. The judgments included amounts for attorney’s fees taxed against the broker pursuant to the broker’s contract with appellants. The Real Estate Commission made awards for the deposits lost, but denied the claims for attorney’s fees.
Conditions for recovery from the Fund are set out in section 475.482, Florida Statutes (1987). Section 475.484, provides:
(1) Any person who meets all of the conditions prescribed in s. 475.482 may apply to the board to cause payment to be made to such person from the Real Estate Recovery Fund:
(a) Under s. 475.482(1), in an amount equal to the unsatisfied portion of such person’s judgment or $10,000, whichever is less, but only to the extent and amount reflected in the judgment as being actual or compensatory damages. ...
(Emphasis supplied)
In Tucker v. State Dept. of Prof. Regul., 521 So.2d 146 (Fla. 5th DCA 1988) our sister court construed the term “actual or compensatory damages” to include attorney’s fees recovered by the claimant in the civil suit against the broker.[1] In a dissent, Judge Upchurch maintained that the term “actual or compensatory damages” did not include attorney’s fees. We agree with Judge Upchurch’s dissent.
In addition to our belief that the legislature, by the use of the words “actual or compensatory damages,” did not intend to provide for the recovery of attorney’s fees from the Fund, we note other provisions of Chapter 475 that support this construction. For instance, claims under Section 475.482 are divided into two categories and treated in two separate sections. Section 475.-482(3) specifically provides that the Commission may pay attorney’s fees and court costs for claims made under section 475.-482(2). However, no similar provision is made under section 475.482(1), the section under which appellants’ claims are made. Instead, as noted above, claims are limited to the “amount reflected in the judgment as being actual or compensatory damages.” We believe the combination of expressly providing for attorney’s fees in section 475.482(2), while expressly limiting the damages recoverable under section 475.-482(1), supports our conclusion that attorney’s fees were not to be included in the term “actual or compensatory damages.”
Accordingly, we affirm the rulings of the Florida Real Estate Commission but acknowledge that our decision expressly conflicts with the holding in Tucker.
DELL, J., and WALDEN, JAMES H., Senior Judge, concur.

. Following Tucker, the legislature amended the statute and added more express language barring claims for attorney’s fees under section (l)(a):
(a) ... in an amount equal to the unsatisfied portion of such person’s judgment or $25,000, whichever is less, but only to the extent and amount reflected in the judgment as being actual or compensatory damages. Except as provided in s. 475.483, treble damages, court costs, attorney’s fees, and interest shall not be recovered from the fund.
(Emphasis added). This amendment became effective on October 1, 1988, after appellants’ deposits were stolen, but well before they initiated legal proceedings and recovered civil judgments against the broker. Since we find no right to attorney’s fees under the 1987 version of the statute relied upon by the appellants, we need not decide whether this amendment should be applied to appellants’ claims.