596 So.2d 450 (1992)
Marie Y. BIDON, et al., Petitioners,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, FLORIDA REAL ESTATE COMMISSION, Respondent.
No. 77997.
Supreme Court of Florida.
March 26, 1992.
*451 John B. Rogers of John B. Rogers, P.A., Coral Springs, for petitioners.
Robert A. Butterworth, Atty. Gen., and James R. Mitchell, Asst. Atty. Gen., Orlando, for respondent.
McDONALD, Justice.
We review Bidon v. State, Department of Professional Regulations, 578 So.2d 478 (Fla. 4th DCA 1991), because of express and direct conflict with Tucker v. State, Department of Professional Regulation, 521 So.2d 146 (Fla. 5th DCA 1988). We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution. We approve the decision under review and disapprove Tucker to the extent it conflicts with this opinion.
In 1989 Bidon obtained a civil judgment against a real estate broker who refused to return the deposits from two failed real estate transactions. The amended final judgment awarded Bidon the amount of the deposits, interest, costs, and attorney's fees. Bidon then filed a claim with the Florida Real Estate Recovery Fund (Fund) for reimbursement of those amounts under subsection 475.482(1), Florida Statutes (1987). The Florida Real Estate Commission awarded the return of the deposits, but denied the claim for attorney's fees. The district court, in affirming the commission's order, held that the restriction in subsection 475.484(1)(a) limiting reimbursement to those amounts "reflected in the judgment as being actual or compensatory damages" precluded the recovery of attorney's fees from the Fund.[1] *452 We agree.[2]
Actual or compensatory damages are those amounts necessary to compensate adequately an injured party for losses sustained as the result of a defendant's wrongful or negligent actions. Hanna v. Martin, 49 So.2d 585 (Fla. 1950). However, the general rule is that attorney's fees incurred while prosecuting or defending a claim are not recoverable in the absence of a statute or contractual agreement authorizing their recovery.[3]Phoenix Indem. Co. v. Union Fin. Co., 54 So.2d 188 (Fla. 1951); Fred Howland, Inc. v. Gore, 152 Fla. 781, 13 So.2d 303 (1942). Thus, in general, actual or compensatory damages are not defined as including attorney's fees.
For purposes of ascertaining the legislative intent in limiting reimbursement under the subsection, the legislature is presumed to have been aware of the case law excluding attorney's fees from the recovery of actual or compensatory damages. See Collins Inv. Co. v. Metropolitan Dade County, 164 So.2d 806 (Fla. 1964). In the absence of any evidence to the contrary, we assume that the legislature intended to use the phrase "actual or compensatory damages" in its technical sense and with the limitations that have been placed upon the term by existing case law. See Davis v. Strople, 39 So.2d 468 (Fla. 1949). Therefore, we believe the legislature, by the use of the term "actual or compensatory damages" as a restriction on reimbursement under subsection 475.482(1), intended to preclude the recovery of attorney's fees from the Fund.
Further, an examination of the other provisions of chapter 475 provides additional support that the legislature intended to exclude attorney's fees from reimbursement pursuant to subsection 475.482(1). In 1980, the legislature added subsection 475.482(2) authorizing reimbursement from the Fund to brokers or salesmen required by a court of competent jurisdiction to pay money damages because they had previously distributed escrow monies pursuant to an escrow disbursement order issued by the commission.[4] The 1980 amendment also added subsection 475.484(1)(b)[5] to address the limits of recovery under subsection 475.482(2). Unlike subsection 475.484(1)(a), however, subsection 475.484(1)(b) does not limit reimbursement to the amount of "actual or compensatory damages."
In 1985 the legislature added subsection 475.483(3)[6] which specifically provided for the recovery of attorney's fees when reimbursement from the Fund is made pursuant to subsection 475.482(2). However, the legislature did not provide for the recovery of attorneys' fees in the case of reimbursements made pursuant to subsection 475.482(1). *453 If the legislature had intended to provide for the recovery of attorneys' fees under subsection 475.482(1), it would have expressly done so, as it did with regard to reimbursement under subsection 475.482(2) and as it often has done with respect to other statutes.[7]
We agree with the district court that the "combination of expressly providing for attorney's fees in section 475.482(2), while expressly limiting the damages recoverable under section 475.482(1), supports [the] conclusion that attorney's fees were not to be included in the term `actual or compensatory damages.'" Bidon, 578 So.2d at 479. Accordingly, we approve the district court's decision in the case under review and disapprove Tucker to the extent it conflicts with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] § 475.484(1)(a), Fla. Stat. (1987). The subsection read as follows:

(1) Any person who meets all of the conditions prescribed in s. 475.482(1) or (2) may apply to the commission to cause payment to be made to such person from the Real Estate Recovery Fund:
(a) Under s. 475.482(1), in an amount equal to the unsatisfied portion of such person's judgment or $25,000, whichever is less, but only to the extent and amount reflected in the judgment as being actual or compensatory damages[.]
[2] The legislature amended subsection 475.484(1)(a), effective October 1, 1988, to add the express restriction that "[e]xcept as provided in s. 475.483, treble damages, court costs, attorney's fees, and interest shall not be recovered from the fund." Ch. 88-20, § 23, Laws of Fla. Although Bidon's deposits were converted prior to October 1, 1988, Bidon did not initiate legal action until after the amendment's effective date. However, because we hold that attorney's fees are not recoverable under the 1987 version of the statute, it is unnecessary for us to decide which version should have been applied to Bidon's claim.
[3] An exception to the general rule is that attorney's fees may be considered an element of damages in cases in which the wrongful act of the defendant has caused the plaintiff to become involved in litigation with third parties. See generally 22 Am.Jur.2d Damages § 616 (1988).
[4] Ch. 80-307, § 3, Laws of Fla. The added subsection read as follows:

The Real Estate Recovery Fund shall also be disbursed as provided in s. 475.484, on order of the board, as reimbursement to any broker or salesman who is required by a court of competent jurisdiction to pay money damages due to a distribution of escrow moneys which is made in compliance with an escrow disbursement order issued by the [commission].
[5] Ch. 80-307, § 4, Laws of Fla. The added subsection provided that reimbursement pursuant to subsection 475.482(2), would be "in an amount equal to the judgment against the broker or salesman, or $10,000, whichever is less."
[6] Ch. 85-90, § 2, Laws of Fla. The added subsection read as follows: "The commission may pay attorney's fees and court costs if the claim is of the type described in s. 475.482(2)."
[7] There are numerous statutes in which the legislature has expressly provided for the recovery of attorney's fees as an addition to the recovery of actual or compensatory damages. These provisions would be pointless if the legislature had truly intended its definition of actual or compensatory damages to include the recovery of attorney's fees. E.g., § 40.271, Fla. Stat. (1991) ("individual shall be entitled to collect not only compensatory damages, but, in addition thereto, punitive damages and reasonable attorney fees for violation of this act"); § 92.57, Fla. Stat. (1991) ("court may award attorney's fees and punitive damages ... in addition to actual damages"); § 440.37(2)(c), Fla. Stat. (1991) ("shall have a cause of action to recover compensatory damages, plus all reasonable investigation and litigation expenses, including attorney's fees").