Guy H. BISHOP, Plaintiff–Appellant,

v.

OSBORN TRANSPORTATION, INC., Benefit Administrators, Inc., Paul W. Skelton, et al., Defendants–Appellees.

No. 87–7203

Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 1, 1988.

Myron K. Allenstein, Roy Moore, Gadsden, Ala., for plaintiff-appellant.

George P. Ford, Simmons, Ford & Brunson, Gadsden, Ala., Maibeth J. Porter, May-

nard, Cooper, Frierson & Gale, Birmingham, Ala., for defendants-appellees.

Before HILL, FAY and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge:

This case presents the question whether an employer who purposely alters an employee's date of discharge in order to interfere with the employee's attainment of medical benefits under the Employee Retirement Income Security Act (ERISA), a protected health benefit plan, is liable for punitive damages under 29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(3)(B)(i), and 1140. The district court held ERISA does not provide for punitive damages; we affirm.

The district court found that the employer violated 29 U.S.C. § 1140, which prohibits an employer from discriminating against a

> beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan ... or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan.... The provisions of section 1132 of this title shall be applicable in the enforcement of this section.

Section 1132 of Title 29 provides the remedies for violations of section 1140. The remedial provision requiring interpretation in this case reads,

> (a) ... A civil action may be brought—
>
> .    .    .    .    .
>
> (3) by a participant, beneficiary, or fiduciary ... (B) *to obtain other appropriate equitable relief* (i) to redress such violations....

29 U.S.C. § 1132 (emphasis added).

The employee (Bishop) contends that the "other equitable relief" language demonstrates Congress's intent that the courts have the discretion to award punitive damages in ERISA cases.

In dictum, the Supreme Court noted that section 1132 does not mention the recovery of extra-contractual damages. The Court reasoned that

> the six carefully-integrated civil enforcement provisions found in section [1132] ... provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly. The assumption of inadvertent omission is rendered especially suspect upon close consideration of ERISA's interlocking, interrelated, and interdependent remedial scheme, which is in term part of a 'comprehensive and reticulated statute.'

*Massachusetts Mutual Life Insurance Co. v. Russell,* 473 U.S. 134, 146, 105 S.Ct. 3085, 3091–93, 87 L.Ed.2d 96, 106 (1985). Justice Brennan, however, in a concurrence, joined by three other justices, concluded that the statutory authorization of "other appropriate equitable relief" permits recovery of extra-contractual damages. *Russell,* 473 U.S. at 148–58, 105 S.Ct. at 3094–99, 87 L.Ed.2d at 107–13. This court has previously acknowledged that the *Russell* decision did not resolve the question of whether punitive damages may be recovered under section 1132(a). *Howard v. Parisian, Inc.,* 807 F.2d 1560, 1565 (11th Cir.1987).

We agree with the Supreme Court's dictum in *Russell.* The six integrated civil enforcement provisions of section 1132(a) focus heavily on the beneficiary's right to enforce the terms of the plan and does not mention the recovery of extra-contractual damages. Congress's express inclusion of several specific remedies in the statute represents an implicit exclusion of remedies not listed. Moreover, the provision under which the employee seeks relief authorizes courts to grant "other appropriate *equitable* relief." Punitive damages are just that, damages, and are not ordinarily incorporated by the term "equitable relief." *See Sokol v. Bernstein,* 803 F.2d 532, 537–38 (9th Cir.1986). Therefore, nothing in the statutory language of section 1132(a) supports the employee's position that punitive damages are recoverable under section 1132(a).

The Supreme Court in *Russell* considered whether extra-contractual damages could be recovered under section 1109(a), dealing with breaches by a fiduciary to a retirement plan. In addition to authorizing damages, that statute also authorizes the court to award "other equitable or remedial relief." In analyzing this language, the Supreme Court noted that under an early version of the statute, certain language authorized recovery of "the full range of legal and equitable remedies...." The Supreme Court reasoned that Congress's omission of the word "legal" from the final version of section 1109(a) demonstrated an intent to omit an extra-contractual remedy from the statute. This shows that Congress appreciated the distinction between legal and equitable remedies. The restriction of section 1132(a)(3)(B) to equitable relief shows Congress did not intend the recovery of punitive damages under section 1132(a).

The employee does not cite any case in which a court explicitly authorized the recovery of punitive damages under section 1132(a). On the other hand, the Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Circuits have all held that section 1132(a)(3) does not authorize the recovery of punitive or extra-contractual damages. The citations to cases so holding are listed in *Varhola v. Doe,* 820 F.2d 809 (6th Cir.1987).

We have jurisdiction because the matter of attorney's fees is collateral.

All other contentions are without merit.

The judgment of the district court is affirmed.

AFFIRMED.