**GOVERNMENT OF THE VIRGIN ISLANDS and UNITED STATES OF AMERICA, Plaintiffs**

v.

**BRUCE H. BRITTON, Defendant**

Criminal Nos. 1988-69, 1988-70

District Court of the Virgin Islands

Div. of St. Croix

February 13, 1990

DAVID M. NISSMAN, ESQ., Assistant United States Attorney, St. Croix, V.I., *for plaintiffs*

BRUCE H. BRITTON Memphis, TN., *defendant pro se*

CAHN, *U.S. District Judge, Sitting by Designation*

## MEMORANDUM

## I. INTRODUCTION

THIS MATTER is before the court on defendant-petitioner Bruce Huffington Britton's pro se motion pursuant to 28 U.S.C.A. § 2255 (West 1971) to set aside or correct his sentence. Petitioner was charged with:

Count I:     Possession with intent to distribute marijuana.
Count II:    Importation of marijuana.
Count III:   Possession with intent to distribute on board a vessel.
Count IV:    Illegal entry into the United States.

Petitioner admitted to being the navigator of a vessel found off the coast of St. Croix. Coast Guard officials discovered 4929 kilograms of marijuana on board the vessel. Petitioner entered into a plea agreement with the government and pled guilty to Count I, possession with intent to distribute a controlled substance. Counts II, III, and IV were dismissed. Further, the government agreed to amend the Information to read 100 kilograms of marijuana rather than 4929 kilograms and agreed to a sentence of the mandatory minimum of ten years under 21 U.S.C.A. § 841(b)(1)(B) (West Supp. 1989) rather than the Sentencing Guidelines range of 151 to 188 months.

Petitioner was sentenced to imprisonment for ten (10) years, supervised release for eight (8) years, and a $50.00 fine. On December 1, 1988, the court amended this sentence to run concurrently with any sentence petitioner was then serving.

██ Petitioner's first ground for relief is a claim that the Federal Sentencing Guidelines violate the due process clauses of the fifth and the fourteenth amendments because Congress has not provided

153

sentencing judges with a standard of proof to apply to factors used in determining sentences. Petitioner asserts that the Sentencing Guidelines are unconstitutional because they fail to require the sentencing judge to apply a beyond a reasonable doubt standard to factors used in determining sentences. The Third Circuit Court of Appeals has held, however, that the standard of proof for factors used in adjusting a criminal sentence under the Sentencing Guidelines is a preponderance of the evidence. United States v. McDowell, 888 F.2d 285, 291 (3d Cir. 1989). Consequently, petitioner's due process argument is without merit.

The petitioner next cites a litany of cases which hold that a criminal defendant has a right to have a sentence not based on materially false information, to question the proceedings leading up to sentencing, to contest facts presented or relied upon by the government, and adequate notice. Even construing petitioner's claim liberally, petitioner has failed to point the court to any evidence that he was in any way deprived of these constitutional rights.

■ The petitioner next claims that his sentence constitutes cruel and unusual punishment under the eighth amendment. The Supreme Court set forth the standard for determining whether a non-death penalty sentence violates the eighth amendment's prohibition against cruel and unusual punishment in Solem v. Helm, 463 U.S. 277 (1983). A criminal sentence must be proportionate to the offense for which a defendant has been convicted. Solem, 463 U.S. at 290. The Court articulated an objective three factor proportionality analysis. Solem, 463 U.S. at 292. The factors are "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." Solem, 463 U.S. at 292. In Solem, the Court held that life imprisonment without possibility of parole for uttering a $100 "no account" check where the defendant had previously been convicted of six felonies violated the eighth amendment's prohibition against cruel and unusual punishment. 463 U.S. at 303. The Court noted that Helm had received a very severe sentence for a relatively minor offense, had been penalized more severely than other criminals who had committed more serious offenses in that state, and had been penalized more harshly than he would have been in any other state, with one possible exception. Solem, 463 U.S. at 393.

154

■■ The Court further stated that while no sentence is *per se* constitutional, the reviewing courts should give "substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." Solem, 463 U.S. at 290. The Court noted that "'[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences [will be] exceedingly rare.'" Solem, 463 U.S. at 289–90 (quoting Rummel v. Estelle, 445 U.S. 263, 272 (1980)). See United States v. Rosenberg, 806 F.2d 1169 (3d Cir. 1986), cert. denied, 481 U.S. 1070 (1987). In Rosenberg, the Third Circuit held that the eighth amendment would be satisfied by an abbreviated review under Solem guidelines in situations other than Solem's factual background of a life sentence without possibility of parole. 806 F.2d at 1175. See United States v. Rhodes, 779 F.2d 1019, 1028 (4th Cir. 1985), cert. denied, 476 U.S. 1182 (1986); Moreno v. Estelle, 717 F.2d 171, 180 n. 10 (5th Cir. 1983), cert. denied 466 U.S. 975 (1984). The Rosenberg Court upheld a sentence of 58 years, the maximum possible sentence, for conviction of nine counts of possession of firearms, explosives, and false identification documents. 806 F.2d at 1176.

Applying the Solem standard to the facts of this case, it is clear that petitioner's sentence does not violate his eighth amendment rights. Petitioner pled guilty to possession with intent to distribute 100 kilograms of marijuana. In light of the tremendous chaos the illegal distribution of drugs is causing in American society today, this offense is a very serious one indeed. See United States v. Martorano, 866 F.2d 62, 69 (3d Cir. 1989). The penalty which petitioner received is the minimum sentence permissible under the statute for someone, like defendant, who has a prior drug felony conviction. 21 U.S.C.A. § 841(b)(1)(B). Additionally, petitioner's sentence was 31 to 68 months lower than the Federal Sentencing Guidelines range of 151 to 188 months for someone in defendant's shoes who was a fugitive at the time of his arrest, having failed to return to prison from a furlough. Further, petitioner is being allowed to serve this sentence concurrently with any other sentences against him, which further decreases his period of incarceration.

Petitioner advances no documentation to support the second or third factors except an assertion that his co-defendant, Hector Britto Escobar pled guilty to importation of marijuana in violation of

21 U.S.C.A. § 952(a) (West Supp. 1989) and received a sentence of imprisonment for ten (10) years without parole and supervised release for at least five (5) years. Mr. Escobar received the statutory mandatory minimum sentence under 21 U.S.C.A. § 960 (West Supp. 1989). This sentence is not significantly lighter than petitioner's sentence. Further, in the absence of mitigating circumstances not alleged to be present here, the court is without authority to depart from the mandatory minimum sentence imposed by the statute. See 18 U.S.C.A. § 3553(e) (West Supp. 1988).

■ Other circuits have also upheld this statute's sentencing provisions against eighth amendment attacks. See e.g. United States v. Klein, 860 F.2d 1489, 1499 (9th Cir. 1989) (sentence of five years' imprisonment without parole as mandated by 21 U.S.C. § 841(b)(1)(B) not cruel and unusual punishment for possession with intent to distribute over 500 grams of cocaine); United States v. Brown, 859 F.2d 974, 977 (D.C. Cir. 1988) (sentence of five years' imprisonment followed by four years' supervised release not cruel and unusual punishment for possession with intent to distribute cocaine base); United States v. Soloman, 848 F.2d 156, 157 (11th Cir. 1988) (sentence of five years' imprisonment followed by four years' supervised release as mandated by 21 U.S.C. § 841(b)(1)(B)(iii) not cruel and unusual punishment for possession with intent to distribute five grams of substance containing cocaine base). Several states have also enacted mandatory minimum sentences for drug convictions which have survived eighth amendment challenges. Klein, 860 F.2d at 1489–9 n. 16. Therefore, petitioner's eighth amendment claim fails.

Next, petitioner claims that the mandatory period of supervised release constitutes cruel and unusual punishment and violates his right to due process. Petitioner cites United States v. Broussard, 645 F.2d 504 (5th Cir. 1981) in support. In Broussard, the Court held that the statute involved, 21 U.S.C. § 963, did not authorize a special parole term, not that such a term violates the Constitution. The supervised release mandated by 21 U.S.C.A. § 841(b)(1)(B) has been upheld as discussed above. These claims also fail.

■ Petitioner next asserts that his sentence violates his right to due process under the fifth and fourteenth amendments. We will construe this assertion broadly to mean that petitioner claims that the statute is arbitrary and capricious. To withstand constitutional scrutiny, the means employed by a statute not involving a fundamental

156

right or a suspect classification must bear a "reasonable relation to a proper legislative purpose" and it must be "neither arbitrary nor discriminatory." Nebbia v. New York, 291 U.S. 502, 537 (1934) (quoted in United States v. Holmes, 838 F.2d 1173, 1177 (11th Cir. 1988)). The Holmes Court upheld the mandatory minimum sentence in 21 U.S.C.A. § 841(b)(1) to a challenge that it was unfair to base sentence on the quantity of the drug rather than its quality. Holmes, 838 F.2d at 1177–8. The Holmes Court reasoned that Congress could have reasonably believed that possession of a large quantity of a drug "cut" with other materials posed a greater danger to society than possession of a small quantity of a pure drug. 838 F.2d at 1178. See also Klein, 860 F.2d at 1400–1 ("large volume dealers, regardless of purity of narcotic, pose a substantial danger to society"). Because Congress obviously sought to impose heavy penalties on large volume dealers, this penalty is rationally related to a permissible objective, controlling the flow of illegal drugs in this country.

■ Petitioner also asserts that the 100 kilogram figure used for sentencing purposes was arbitrarily and capriciously chosen. Court records, however, reflect that this figure resulted from a plea agreement voluntarily entered into by both petitioner and the government. Therefore, petitioner's due process claims fail.

■■ Lastly, petitioner objects to his sentence on the grounds that it is a non-Guidelines sentence. The Court sentenced petitioner to the minimum sentence required for a defendant, such as petitioner, with a prior drug conviction. See 21 U.S.C.A. § 841(b)(1)(B). The Federal Sentencing Guidelines provide a range of 151 to 188 months for a defendant in petitioner's shoes. Absent procedural defects, the appellate court will not overturn a sentence if it falls within statutory limits. Rosenberg, 806 F.2d at 1173. See United States v. Zavala-Serra, 853 F.2d 1512, 1518 (9th Cir. 1988). Petitioner here has not alleged any procedural defect and his sentence falls squarely within the statutory limits of 21 U.S.C.A. § 841(b)(1)(B). Therefore, petitioner's claim that he received a non-Guidelines sentence fails.

For the foregoing reason, petitioner's claims will be denied. An appropriate order will be entered.

## ORDER

AND NOW, this 13th day of February, 1990, for the reasons set forth in this court's Memorandum dated February ____, 1990;

IT IS ORDERED that petitioner's petition, pursuant to 28 U.S C.A. § 2255, to vacate, set aside or correct his sentence is DENIED.