Martin LENHART, et al., Plaintiffs,

v.

**PRINTING INDUSTRY INSURANCE & HEALTH CARE PLAN, et al., Defendants.**

No. 92–1602–CIV–T–17A.

United States District Court, M.D. Florida, Tampa Division.

April 13, 1993.

Alan Porter Woodruff, Law Office of Alan P. Woodruff, St. Petersburg, FL, for plaintiffs.

William Edward Sublette, Baker & Hostetler, Orlando, FL, for defendants.

ORDER ON MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

KOVACHEVICH, District Judge.

Martin and Mary Lenhart ("Plaintiffs" or "the Lenharts") brought an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461 (1988 & Supp.1990). The Lenharts are suing the Printing Industry Insurance Health Care Plan ("the Plan"), a welfare benefit plan, and its trustees. Mr. Lenhart is a former participant and qualified beneficiary under the Plan and Mrs. Lenhart is a qualified beneficiary under the Plan. The Lenharts are seeking a declaratory judgment pursuant to 29 U.S.C. § 1132 (1988 & Supp.1990) as to their rights to continuation coverage under 29 U.S.C. § 1165(1) (Supp.1990). In addition, the Lenharts seek punitive damages from the trustees. Defendants here move for partial judgment on the pleadings with respect to Plaintiffs' punitive damages claim. This Court grants Defendants' motion because punitive damages are not available under ERISA and ERISA pre-empts remedies based on state law.

Congress provided a comprehensive remedy for participants and beneficiaries in ERISA-governed benefit plans when it enacted 29 U.S.C. § 1132 (1988 & Supp.1990). Under section 1132, a participant or benefi-

332

ciary may bring a civil action to recover benefits due to him pursuant to his plan, seek an injunction, or, if his plan administrator has refused or failed to comply with a request for information, seek damages of up to $100 a day from the date of the refusal or failure. Section 1132 does not mention punitive damages, but it does state that a participant or beneficiary may sue to obtain "other appropriate equitable relief."

Plaintiffs argue that punitive damage awards fall within the purview of section 1132 because punitive damages constitute "other appropriate relief." Furthermore, Plaintiffs argue that Congress intended courts to formulate remedies for ERISA violations based on state common law remedies. Plaintiffs' arguments have no merit in the face of established precedent in this circuit. Indeed, Plaintiffs appear to recognize this obstacle as most of their arguments are directed to perceived flaws in prior decisions rather than to the facts of this case.

The Supreme Court discussed ERISA's remedial provisions in *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) and in dictum stated that courts may award only those remedies explicitly listed in ERISA:

> [T]he six carefully-integrated civil enforcement provisions found in section [1132] ... provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly. The assumption of inadvertent omission is rendered especially suspect upon close consideration of ERISA's interlocking, interrelated, and interdependent remedial scheme, which is in turn part of a "comprehensive and reticulated statute."

*Id.* at 146, 105 S.Ct. at 3092 (citation omitted). The *Russell* Court held that beneficiaries who sued the trustees of a benefit plan for breach of fiduciary duty pursuant to 29 U.S.C. § 1109 (1988) are not entitled to punitive damages. In reaching its decision, the Court construed language in section 1109 which is very similar to language in section 1132 and provides that beneficiaries may seek "such other equitable or remedial relief as the court may deem appropriate, ..."

The Eleventh Circuit Court of Appeals applied the *Russell* Court's dictum to an action under section 1132 in *Bishop v. Osborn Transp., Inc.,* 838 F.2d 1173 (11th Cir.), *cert. denied,* 488 U.S. 832, 109 S.Ct. 90, 102 L.Ed.2d 66 (1988). The *Bishop* court first observed that section 1132 focuses on a beneficiary's right to enforce the terms of his plan and does not mention extracontractual damages. The court then found that by expressly including several specific remedies, Congress implicitly excluded remedies not listed. *Bishop,* 838 F.2d at 1174. In addition, the *Bishop* court found that punitive damages are not equitable relief within the meaning of "other appropriate equitable relief" and thus do not fall within the express language of the statute. *Id.*

Plaintiffs take issue with the holdings and reasoning of both *Russell* and *Bishop* and argue that extracontractual damages are recoverable under ERISA. To support their arguments, Plaintiffs cite authority from other circuits which have permitted recovery of extra-contractual damages under ERISA by finding that punitive damages constitute equitable relief. *See Schoenholtz v. Doniger,* 657 F.Supp. 899, 913 (S.D.N.Y.1987); *see also United States v. Martinson,* 809 F.2d 1364, 1367 (9th Cir.1987) (finding that courts have equitable power to award punitive damages). Regardless of any merits Plaintiffs' arguments might have, this Court is not in the position to overturn the decisions of its appellate courts and must apply relevant precedent.

■ Plaintiffs also argue that Congress intended ERISA to include federal common law remedies. The Eleventh Circuit addressed this issue in *McRae v. Seafarers' Welfare Plan,* 920 F.2d 819 (11th Cir.1991). The *McRae* court held that plan beneficiaries are not entitled to extracontractual damages under a federal common law claim. The court found that a congressional committee report attacking the Supreme Court's failure to formulate federal substantive law regarding ERISA remedies carried little weight in establishing federal common law remedies since Congress took no action to enact the proposals contained in the report. *Id.* at 823.

Plaintiffs argue that *McRae* was wrongly decided and that this Court should not use it as precedent. Again, this Court is bound by relevant precedent; Plaintiffs are free to pursue this issue on appeal.

■ Plaintiffs also argue that even if ERISA does not provide for punitive damage awards, ERISA remedies may be supplemented by state common law remedies. However, ERISA contains a very broad preemption clause in 29 U.S.C. § 1144 (1988 & Supp.1990). Section 1144 states that ERISA provisions supersede all state laws which "relate to any benefit plan" covered by ERISA. "State laws" include "all laws, decisions, rules, regulations, or other state action having the effect of law...." In *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990) the Supreme Court observed that ERISA's preemption clause is extremely broad and that a state law may "relate to" a benefit plan even if it only indirectly affects the plan. 498 U.S. at 139, 111 S.Ct. at 483. The Court also found that section 1132 pre-empts actions seeking state law remedies that are not available under ERISA. *Id.* 498 U.S. at 143–44, 111 S.Ct. at 485–86.

In *Amos v. Blue Cross–Blue Shield of Alabama*, 868 F.2d 430 (11th Cir.), *cert. denied*, 493 U.S. 855, 110 S.Ct. 158, 107 L.Ed.2d 116 (1989), the court rejected the argument that ERISA "absorbs" state law claims and provides remedies based on state law. The court noted that "[t]he plaintiffs' argument is a creative one, but there is little law to sustain it." *Id.* at 432. Thus, Plaintiffs are entitled only to relief which is explicitly listed in the statute and may not seek relief based on state law. Accordingly, it is

**ORDERED** that Defendants' motion for partial judgment on the pleadings be **granted** and the claim for punitive damages be **dismissed** from this action.

**DONE AND ORDERED.**