[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11736

_____

SE PROPERTY HOLDINGS, LLC,
As successor by merger with Vision Bank,

Plaintiff-Appellant,

*versus*

RUSTON C. WELCH, et al.,

Defendants,

NEVERVE LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:18-cv-00252-TKW-MJF

_____

Before LAGOA and BRASHER, Circuit Judges, and BOULEE,[1] District Judge.

LAGOA, Circuit Judge:

This case presents issues of first impression to this Court regarding the application of the Florida Uniform Fraudulent Transfer Act ("FUFTA"), Fla. Stat. § 726.101 *et seq.* In 2015, SE Property Holdings, LLC ("SEPH"), obtained a deficiency judgment against Neverve LLC ("Neverve") after Neverve defaulted on loans secured by a mortgage on its property. Following this judgment, Neverve received the proceeds from an unrelated settlement. But Neverve transferred those proceeds to attorneys representing Neverve's principal, David Stewart, in payment of attorney's fees relating to Stewart's personal bankruptcy proceedings. SEPH then sued Neverve based on Neverve's allegedly fraudulent transfer of those settlement proceeds, asserting claims under FUFTA that sought compensatory damages, punitive damages, and attorney's fees, as well as asserting a claim for an equitable lien. The district

_____

[1] Honorable J. P. Boulee, United States District Judge for the Northern District of Georgia, sitting by designation.

court granted summary judgment in favor of Neverve, finding that FUFTA's "catch-all" provision, *see* Fla. Stat. § 726.108(1)(c)3., did not allow for (1) an award of money damages against the transferor, (2) punitive damages, or (3) attorney's fees. The court also granted summary judgment in favor of Neverve on SEPH's equitable lien claim, as Neverve no longer possessed the settlement proceeds at issue.

Neither Florida state courts nor this Court have squarely addressed the FUFTA issues presented by this appeal. Based on the narrow interpretation of FUFTA in *Freeman v. First Union National Bank*, 865 So. 2d 1272 (Fla. 2004), however, we believe the Florida Supreme Court would determine that FUFTA's catch-all provision does not allow for an award of money damages against the transferor, an award of punitive damages, or an award of attorney's fees. Thus, the district court was correct in granting summary judgment in favor of Neverve on SEPH's FUFTA claims. And we conclude that the district court did not err in granting summary judgment in favor of Neverve on SEPH's equitable lien claim. Accordingly, for the reasons discussed below, and with the benefit of oral argument, we affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This case began with the failure of a real estate development in Bay County, Florida. Neverve defaulted on loans secured by a mortgage on the Bay County property originally given to SEPH's predecessor in interest. SEPH foreclosed on Neverve's property, and the United States District Court for the Northern District of

Florida issued a deficiency judgment in favor of SEPH against Neverve (who was then insolvent) for a total sum of over $19.6 million. *See SE Prop. Holdings, LLC v. Neverve*, No. 12-cv-292 (N.D. Fla. June 18, 2015).

In 2016, after the judgment was entered, Neverve settled a claim against BP related to the Deepwater Horizon oil spill (the "BP proceeds"). Neverve, however, did not turn over the BP proceeds to SEPH towards satisfaction of SEPH's judgment. Instead, at the direction of Neverve's principal, David Stewart, approximately $350,000 of those proceeds were wired to Ruston C. Welch and Welch Law Firm, P.C. ("WLF"), in Oklahoma to pay Stewart's personal attorney's fees in his ongoing Chapter 7 bankruptcy case. *See In re Stewart*, 970 F.3d 1255, 1260 (10th Cir. 2020).

SEPH sued Neverve, Welch, and WLF in the Northern District of Florida. In its amended complaint, SEPH asserted, among other claims, three FUFTA claims (one for actual fraud and two for constructive fraud) and an equitable lien claim against the defendants, based on the transfer of the BP proceeds from WLF's trust account to Welch and WLF. In its FUFTA claims, SEPH sought (1) compensatory and punitive damages, (2) attorney's fees and costs, (3) to set aside each fraudulent transfer and for the court to declare them null and void, and (4) any additional relief the court deemed proper.

Welch and WLF moved to dismiss the amended complaint for lack of personal jurisdiction, and Neverve sought dismissal on

the ground that Welch and WLF were indispensable parties. After jurisdictional discovery and briefing, the district court dismissed the claims against Welch and WLF for lack of personal jurisdiction.[2] Regarding Neverve's motion, the district court found that Welch and WLF were indispensable parties for certain relief sought by SEPH—avoidance of the transfers and imposition of an equitable lien—and granted that part of Neverve's motion. The district court, however, denied the motion as to SEPH's claims for money damages against Neverve. Neverve answered and later moved for summary judgment on SEPH's remaining claims.

In its order granting Neverve's motion for summary judgment, the district court explained that FUFTA's primary remedy—avoidance of a transfer or a money judgment against a transferee—was unavailable to SEPH because the court lacked personal jurisdiction over indispensable parties for that remedy, Welch and WLF. As to the other remedy sought by SEPH—an award of money damages against the transferor, Neverve—the court found it was unavailable under FUFTA's "catch-all" provision in Florida Statute § 726.108(1)(c)3., which provides that a creditor may obtain, "[s]ubject to the applicable principles of equity and in accordance with applicable rules of civil procedure[,] . . . [a]ny other relief the circumstances may require." The district court explained that while some Florida appellate decisions suggest that an award of money damages against the transferor is available under the catch-

---

[2] The district court's dismissal of Welch and WLF is not at issue in this appeal.

all provision, those decisions pre-dated the Florida Supreme Court's decision in *Freeman v. First Union National Bank*, 865 So. 2d 1272 (Fla. 2004), or relied solely on cases that pre-dated *Freeman*. That decision, the district court explained, narrowly interpreted the catch-all provision. Thus, the district court found that SEPH could not obtain a separate money judgment against Neverve under FUFTA based on the alleged fraudulent transfer of the BP proceeds.

As to SEPH's request for punitive damages and attorney's fees under FUFTA, the district court noted that there was no Florida case law addressing whether the catch-all provision authorized an award of those types of damages and that other federal district courts to consider the issue found that the catch-all provision did not authorize an award of attorney's fees. And the district court found it "unlikely that the Florida Supreme Court would construe the 'catch all' provision in FUFTA to authorize an award of punitive damages or attorney's fees against the transferor in light of its statements in *Freeman*."

Finally, as to SEPH's equitable lien claim, the district court explained that, for the imposition of an equitable lien under Florida law, the property in litigation must be in the defendant's possession. The district court then noted that it was undisputed that Neverve was not currently in possession of the BP proceeds. So, the district court reasoned, even if SEPH could establish the elements necessary to obtain such a lien, the court would not have the authority to impose the lien. And the court declined to stay the

21-11736                Opinion of the Court                7

case pending resolution of Stewart's bankruptcy case and a case SEPH filed against Welch and WLF in the United States District Court for the Western District of Oklahoma.

SEPH timely appealed.[3]  While SEPH filed an initial brief in this case, Neverve did not file a brief in response.[4]  We then appointed pro bono counsel as amicus curiae to defend the district court's judgment.[5]

## II.    STANDARD OF REVIEW

"We review *de novo* the district court's grant of a motion for summary judgment, considering all of the evidence and the inferences it may yield in the light most favorable to the nonmoving

---

[3] After SEPH filed its notice of appeal, we issued jurisdictional questions asking: (1) whether the relevant pleadings sufficiently alleged each party's citizenship to invoke the district court's subject matter jurisdiction in the first instance; and (2) of relevance here, whether the allegations should be amended on appeal, pursuant to 28 U.S.C. § 1653, if the jurisdictional allegations were inadequate.  In response, SEPH moved for leave to amend its amended complaint on appeal.  We granted SEPH leave to amend its pleadings to correct the parties' citizenships and deemed the pleadings, as amended, established that the parties were diverse.  SEPH then filed this second amended complaint in the district court.

[4] On December 21, 2021, we issued an order directing Neverve to file a notice stating whether it intended to file a response brief and appear at oral argument. Neverve's counsel informed this Court that Neverve would not participate in the appeal because of Neverve's insolvency.

[5] We appointed Jason T. Burnette to defend the district court's judgment in this appeal.  We thank Mr. Burnette for accepting this appointment and for his service to this Court.

party." *Ellis v. England*, 432 F.3d 1321, 1325 (11th Cir. 2005). "Summary judgment is appropriate where the evidence shows 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting *Comer v. City of Palm Bay*, 265 F.3d 1186, 1192 (11th Cir. 2001)).

"We review a district court's legal conclusions *de novo.*" *Id.* at 1323; *accord United States v. Daniels*, 685 F.3d 1237, 1244 (11th Cir. 2012). And we review the denial of equitable relief for an abuse of discretion. *See Dresdner Bank AG v. M/V OLYMPIA VOYAGER*, 465 F.3d 1267, 1273 (11th Cir. 2006); *CNA Fin. Corp. v. Brown*, 162 F.3d 1334, 1337 (11th Cir. 1998).

## III.    ANALYSIS

On appeal, SEPH contends that the district court erred in holding that FUFTA's catch-all provision does not permit: (1) an award of money damages against a transferor; (2) an award of punitive damages; and (3) an award of attorney's fees. SEPH further contends that the district court erred in granting summary judgment in favor of Neverve on its equitable lien claim. We address these issues in turn.

### A.  SEPH's Claims Under FUFTA

Because SEPH's claims arise under Florida law, we apply Florida's substantive law. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1348 (11th Cir. 2011) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). FUFTA is such a substantive

law. *See Freeman v. First Union Nat'l*, 329 F.3d 1231, 1233–34 (11th Cir. 2003). "We decide novel questions of state law 'the way it appears the state's highest court would.'" *Id.* at 1232 (quoting *Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1290 (11th Cir. 2001)). Because we are interpreting Florida law, we look first for case precedent from Florida's highest court—the Florida Supreme Court. *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1021 (11th Cir. 2014). "Where that court has not spoken, however, we must predict how the highest court would decide this case." *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018). In making this prediction, "we are 'bound to adhere to the decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise.'" *Winn-Dixie*, 746 F.3d at 1021 (quoting *Provau v. State Farm Mut. Auto. Ins. Co.*, 772 F.2d 817, 820 (11th Cir. 1985)); *accord Chepstow Ltd. v. Hunt*, 381 F.3d 1077, 1086 (11th Cir. 2004) (requiring "a strong indication that the state supreme court would decide the matter differently"). To decide whether such an indication exists, "all other data may be considered to the extent they indicate how the Florida Supreme Court might rule on an issue." *Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1133 (11th Cir. 2010).

Among such relevant data in a statutory interpretation case, of course, includes the text of the statute itself. Under Florida law, a court must "give effect to the legislative intent of the statute." *Robbins v. Garrison Prop. & Cas. Ins. Co.*, 809 F.3d 583, 586 (11th

Cir. 2015) (quoting *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009)). But, as emphasized by the Florida Supreme Court, to discern such legislative intent, a court looks "to the actual language used in the statute." *Freeman*, 865 So. 2d at 1276 (quoting *BellSouth Telecomms., Inc. v. Meeks*, 863 So. 2d 287, 289 (Fla. 2003)). Thus, "[w]hen the statute is clear and unambiguous, [Florida] courts will not look behind [its] plain language for legislative intent." *Robbins*, 809 F.3d at 586 (some alterations in original) (quoting *Daniels v. Fla. Dep't of Health*, 898 So. 2d 61, 64 (Fla. 2005)).

To that end, the Florida Supreme Court has articulated Florida law regarding statutory interpretation as follows:

> In interpreting statutory language, we of course "begin with the language of the statute." As we recently explained, we "adhere to the 'supremacy-of-text principle': 'The words of a governing text are of paramount concern, and what they convey, in their context, is what the text means.'" We thus strive to determine the text's objective meaning through "the application of the text to given facts on the basis of how a reasonable reader, fully competent in the language, would have understood the text at the time it was issued."

*Page v. Deutsche Bank Tr. Co. Ams.*, 308 So. 3d 953, 958 (Fla. 2020) (alterations adopted) (citations omitted) (first quoting *Lieupo v. Simon's Trucking, Inc.*, 286 So. 3d 143, 145 (Fla. 2019); then quoting *Advisory Op. to Governor re Implementation of Amend. 4, the*

*Voting Restoration Amend.*, 288 So. 3d 1070, 1078 (Fla. 2020); and then quoting Antonin Scalia & Bryan A. Gardner, *Reading Law: The Interpretation of Legal Texts* 33 (2012)).  And the Florida Supreme Court has recently held that, because "[t]he plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which the language is used, and the broader context of the statute as a whole," a court is to use "the traditional canons of statutory interpretation" to "aid the interpretive process from beginning to end." *Conage v. United States*, 346 So.3d 594, 598 (Fla. 2022).  Moreover, Florida law does not require "interpreters to make a threshold determination of whether a term has a 'plain' or 'clear' meaning in isolation, without considering the statutory context and without the aid of whatever canons might shed light on the interpretive issues in dispute." *Id.*

We turn to the relevant statutory provisions of FUFTA, which are modeled after the Uniform Fraudulent Transfer Act ("UFTA"). *See Amjad Munim, M.D., P.A. v. Azar*, 648 So. 2d 145, 152 (Fla. Dist. Ct. App. 1994).  Florida Statute § 726.105(1), in relevant part, states:

> A transfer made . . . by a debtor is fraudulent as to a creditor[] . . . if the debtor made the transfer . . . :
>
> (a) With actual intent to hinder, delay, or defraud any creditor of the debtor; or
>
> (b) Without receiving a reasonably equivalent value in exchange for the transfer . . . , and the debtor:

1. Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

2. Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

Florida Statute § 726.108 provides the following creditors' remedies under FUFTA:

(1) In an action for relief against a transfer or obligation under [§§] 726.101-726.112, a creditor, subject to the limitations in [§] 726.109 may obtain:

(a) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim;

(b) An attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with applicable law;

(c) *Subject to applicable principles of equity* and in accordance with applicable rules of civil procedure:

1. An injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;

2. Appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or

3. *Any other relief the circumstances may require.*

> (2) If a creditor has obtained a judgment on a claim against the debtor, the creditor, if the court so orders, may levy execution on the asset transferred or its proceeds.

(Emphasis added).

And Florida Statute § 726.109, which establishes certain limitations to the remedies in section 726.108(1)(a), provides in relevant part:

> (2) Except as otherwise provided in this section, to the extent a transfer is voidable in an action by a creditor under [§] 726.108(1)(a), the creditor may recover judgment for the value of the asset transferred, as adjusted under subsection (3), or the amount necessary to satisfy the creditor's claim, whichever is less. The judgment may be entered against:
>
> (a) The first transferee of the asset or the person for whose benefit the transfer was made; or
>
> (b) Any subsequent transferee other than a good faith transferee who took for value or from any subsequent transferee.

*Id.* § 726.109(2). Thus, "FUFTA provides generally that a creditor may avoid a debtor's fraudulent transfer to the extent necessary to satisfy the creditor's claim." *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1302 (11th Cir. 2020).

With these statutory provisions in mind, we now turn to SEPH's claims.

### 1. Money Judgment Against a Transferor

SEPH contends that FUFTA permits a creditor to recover a monetary judgment against a transferor through the statute's "catch-all" provision in section 726.108(1)(c)3., which provides, in relevant part, that a creditor may obtain "[a]ny other relief the circumstance may require." Of course, SEPH already holds a monetary judgment against Neverve, which is what created the creditor-debtor relationship between the parties in the first place and gives rise to SEPH's claims under FUFTA. SEPH thus argues that FUFTA authorizes it to obtain a second judgment against Neverve for Neverve's violation of FUFTA. In support of this argument, SEPH cites two decisions from Florida's intermediate appellate courts holding that FUFTA's catch-all provision allows a creditor to seek an award of money damages against a transferor. *See Hansard Constr. Corp. v. Rite Aid of Fla., Inc.*, 783 So. 2d 307 (Fla. Dist. Ct. App. 2001); *McCalla v. E.C. Kenyon Constr. Co.*, 183 So. 3d 1192 (Fla. Dist. Ct. App. 2016). But we conclude that the plain language of the statute and the relevant Florida case law on FUFTA amount to a "strong indication" that the Florida Supreme Court would not find an award of money damages *against the transferor* permissible under section 726.108, including its catch-all provision. *See Chepstow*, 381 F.3d at 1086.

Beginning with section 726.108, the statute provides certain remedies to a creditor bringing a claim under FUFTA. First, the creditor can seek avoidance of the fraudulent transfer. *Id.* § 726.108(1)(a). Second, the creditor can seek an attachment

against the transferred asset (or other property of the *transferee*). *Id.* § 726.108(1)(b). And third, the creditor can seek the following remedies "[s]ubject to applicable principles of equity": (1) an injunction against further disposition of the asset by either the debtor or transferee; (2) appointment of a receiver with respect to the asset (or other property of the *transferee*); or (3) "[a]ny other relief the circumstances may require." *Id.* § 726.108(1)(c) (emphasis added).

The only part of FUFTA that expressly addresses monetary judgments and that is relevant here is section 726.109, which establishes certain limitations on the remedies provided for in section 726.108. Section 726.109(2) provides that, when a transfer is voidable by a creditor under section 726.108(1)(a), the creditor may recover a money judgment that may be entered against either (1) "[t]he first transferee of the asset or the person for whose benefit the transfer was made" or (2) "[a]ny subsequent transferee other than a good faith transferee who took for value or from any subsequent transferee."

"Under the principle of statutory construction, expressio unius est exclusio alterius, the mention of one thing implies the exclusion of another." *Young v. Progressive Se. Ins. Co.*, 753 So. 2d 80, 85 (Fla. 2000) (quoting *Moonlit Water Apartments Inc. v. Cauley*, 666 So. 2d 898, 900 (Fla. 1996)); *accord United States v. Castro*, 837 F.2d 441, 442 (11th Cir. 1988). Thus, the Florida legislature's "express inclusion of several specific remedies in [a] statute represents an implicit exclusion of remedies not listed." *See Bishop v. Osborn Transp., Inc.*, 838 F.2d 1173, 1174 (11th Cir. 1998)

16                    Opinion of the Court                    21-11736

(declining to find that punitive damages were available under the Employment Retiring Income Security Act).  Critically here, section 726.109(2) does not authorize a money judgment to be entered against the transferor or debtor when seeking to avoid a transfer under section 726.108(1)(a).  Rather, the statute authorizes monetary judgments only against transferees.

By contrast, the only remedies against a transferor or debtor expressly authorized by section 726.108(1) are avoidance of the transfer (which the district court found was unavailable here because it lacked personal jurisdiction over Welch and WLF) and injunctive relief to prevent a debtor from further dissipating the transferred asset.  *Id.* §§ 726.108(1)(a), 726.108(1)(c)1.  Additionally, section 726.108(2) specifically addresses the situation where "a creditor has obtained a judgment on a claim against the debtor"[6]; the statute permits the creditor, subject to court approval, to "levy execution on the asset transferred or its proceeds."  Thus, section 726.108's specific authorization of only certain forms of relief against the transferor or debtor indicates that the creditor cannot obtain those other statutory remedies that are solely authorized against the transferee.  *Cf. Young*, 753 So. 2d at 85 ("By failing to permit self-insured motorist policy exclusions in the list of authorized exclusions, the Legislature has further indicated its intent in

---

[6] Under FUFTA, a "[c]laim" is a "right to payment, whether or not the right is reduced to judgment."  Fla. Stat. § 726.102(4).

[the statute] not to permit self-insured motorist policy exclusions.").

We also conclude that the catch-all provision in section 726.108(1)(c)3. does not encompass money judgments against the transferor for several reasons.  First, the other two remedies expressly provided for by section 726.108(1)(c) are equitable remedies—an injunction and the appointment of a receiver—and the catch-all provision follows these two remedies.  Florida courts apply the principle of statutory construction of ejusdem generis, which "provides that where general words or phrases follow an enumeration of specific words or phrases, 'the general words are construed as applying to the same kind or class as those that are specifically mentioned.'" *In re Advisory Op. to Att'y Gen. re Use of Marijuana for Certain Med. Conditions*, 132 So. 3d 786, 801 (Fla. 2014) (quoting *Fayad v. Clarendon Nat'l Ins. Co.*, 899 So. 2d 1082, 1088–89 (Fla. 2005)).  Thus, we construe the "general words" of the catch-all provision as applying only to equitable remedies.

Second, our analysis of the statute's plain text finds support in Florida case law.  Although FUFTA allows for certain limited remedies against transferors and third-party beneficiaries of fraudulent transfers, Fla. Stat. § 726.108(1)(a), (1)(c)1., (2), actions under section 726.108 generally "are brought against a recipient or transferee of assets or property, *and not a transferor.*" *Edwards v. Airline Support Grp., Inc.*, 138 So. 3d 1209, 1211 (Fla. Dist. Ct. App. 2014) (emphasis added).

Moreover, in *Freeman v. First Union National Bank*, 865 So. 2d 1272 (Fla. 2004), the Florida Supreme Court addressed the "narrow focus" of section 726.108(1)(c)3. In *Freeman*, the Florida Supreme Court held that "FUFTA was not intended to serve as a vehicle by which a creditor may bring a suit against a non-transferee party . . . for monetary damages arising from the non-transferee party's alleged aiding-abetting of a fraudulent money transfer." 865 So. 2d at 1277. In reaching that conclusion, the court explained that there was "no language in FUFTA that suggests an intent to create an independent tort for damages," and that the catch-all provision was intended "*to facilitate the use of the other remedies provided in the statute*, rather than creating new and independent causes of action such as aider-abettor liability." *Id.* at 1276–77 (emphasis added). The court thus declined to find such a cause of action in FUFTA's catch-all provision in section 726.108(1)(c)3. because concluding otherwise would "expand the FUFTA beyond its facial application and in a manner that is outside the purpose and plain language of the statute." *Id.* at 1277. This was because "FUFTA was intended to codify an existing but imprecise system whereby transfers that were intended to defraud creditors could be set aside." *Id.* at 1276. And the Florida Supreme Court emphasized the "narrow focus of the FUFTA and its limitations." *Id.* at 1277.

Interpreting this case law with the plain language of the statute, we do not believe the Florida Supreme Court would find that section 726.108(1) contemplates a remedy for a creditor to obtain a money judgment against the transferor. Indeed, if we concluded

otherwise, we would be creating a new cause of action under FUFTA against the transferor, which the court cautioned against in *Freeman*. We decline to, in essence, create such a new remedy under FUFTA.

On the other hand, SEPH argues that we are bound to follow two Florida district court of appeal decisions—*Hansard* and *McCalla*—that held FUFTA's catch-all provision permits claims for money damages against the transferor of a fraudulent transfer. We disagree. In *Hansard*, the Florida Fourth District Court of Appeal stated that "a plaintiff may recover money damages against the *transferor* under the so-called catchall provision." 783 So. 2d at 309 (emphasis in original). *Hansard*, however, was decided before the Florida Supreme Court's decision in *Freeman* and did not engage fully with FUFTA's statutory text, contrary to how the Florida Supreme Court construes statutory language. *See Robbins*, 809 F.3d at 586. Then, in *McCalla*, the Florida First District Court of Appeal, relying solely on the pre-*Freeman* decision of *Hansard*, reached the same conclusion, stating that FUFTA authorizes awards of money damages "against both fraudulent transferor and transferee, jointly and severally." 183 So. 3d at 1194. But, similar to *Hansard*, the court in *McCalla* did not conduct an in-depth statutory analysis as to section 726.108—the court simply quoted the statute—nor did the case discuss the principles set forth in *Freeman*.

For the reasons we have explained, the text of FUFTA, coupled with the reasoning in *Friedman* and *Freeman*, constitutes a "persuasive indication" that the Florida Supreme Court would

decide the question of whether monetary damages are available against transferors under FUFTA's catch-all provision contrary to the *Hansard* and *McCalla* decisions. *Winn-Dixie*, 746 F.3d at 1021. Accordingly, we conclude that the district court did not err in granting summary judgment on this claim.

### 2. Punitive Damages

We next address whether FUFTA authorizes the separate recovery of punitive damages against a transferor under the statute's catch-all provision. The district court concluded that FUFTA did not allow for recovery of punitive damages based on the Florida Supreme Court's decision in *Freeman*. SEPH contends that this was error and that punitive damages are available under FUFTA's catch-all provision. The Florida Supreme Court has not addressed this issue, nor has any Florida intermediate appellate court. Therefore, we must decide the issue the way the Florida Supreme Court would. *Ernie Haire*, 260 F.3d at 1290.

The Florida Supreme Court has stated that "a plaintiff's right to a claim for punitive damages is subject to the plenary authority of the legislature." *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1358 (Fla. 1994). And turning to the plain language of the statute, *see Levy v. Levy*, 326 So. 3d 678, 681 (Fla. 2021); *Freeman*, 865 So. 2d at 1276, section 726.108 does not contain any language authorizing punitive damages as a remedy available to a creditor under FUFTA.

21-11736                Opinion of the Court                    21

As we have discussed above, section 726.108(1)(c)3., when read in context of subsection (c)'s listed remedies, contemplates only equitable remedies. Florida courts generally adhere to the view that "equity will not award punitive damages unless authorized by statute." *See, e.g.*, *Lanman Lithotech, Inc. v. Gurwitz*, 478 So. 2d 425, 427 (Fla. Dist. Ct. App. 1985); *see also Bishop*, 838 F.2d at 1174 ("Punitive damages are just that, damages, and are not ordinarily incorporated by the term 'equitable relief.'"); *Walker v. Ford Motor Co.*, 684 F.2d 1355, 1364 (11th Cir. 1982) (explaining that "punitive damages are legal not equitable remedies"). Additionally, the only expressly listed remedies available to a creditor against a transferor or debtor in section 726.108 are (1) an injunction against further disposition of the transferred asset or (2) to "levy execution on the asset transferred or its proceeds."

We also note that it appears that punitive damages are unavailable to creditors with regards to those money judgments that FUFTA expressly authorizes. Florida Statute § 726.102(4) defines "claim" as "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." In turn, when a creditor is seeking avoidance of a fraudulent transfer under section 726.108(1)(a), section 726.109(2) authorizes a money judgment against a transferee but limits that judgment to "the value of the asset transferred, as adjusted under subsection (3), or the amount necessary to satisfy the creditor's *claim*, whichever is less." (emphasis added).

Thus, reviewing the relevant FUFTA provisions alone, it appears that a creditor cannot obtain punitive damages against a transferor in pursuing a claim under FUFTA.  As explained before, applying the ejusdem generis principle of statutory construction, the "general" words of the catch-all provision in section 726.108(c)3. follows a list of specific equitable remedies, and we construe the catch-all provisions as applying only to equitable remedies.  And punitive damages are not considered "equitable relief" under Florida law.  Furthermore, section 726.108 does not otherwise authorize an award of punitive damages as a remedy against the transferor.  SEPH, however, raises section 726.111, which provides that "[u]nless displaced by the provisions of [FUFTA], the principles of law and equity, including the law merchant and the law relating to principal and agent, estoppel, laches, fraud, misrepresentation, duress, coercion, mistake, insolvency, or other validating or invalidating cause, supplement those provisions."  SEPH then raises several authorities to argue that "[i]f a debtor commits intentional misconduct by intentionally committing fraudulent transfers, then, consistent with common law, punitive damages should be available."

For example, SEPH points to section 768.72(2), titled "Pleading in civil actions; claim for punitive damages," which provides that a defendant can be held liable "for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence."  Florida Statute § 768.71 in turn states that section

768.72 "applies to any action for damages, whether in tort or in contract" but that "[i]f a provision of this part"—e.g., section 768.72—"is in conflict with any other provision of the Florida Statutes, such other provision shall apply."

Section 768.72, however, is not particularly helpful in our analysis. First, SEPH cites no case where section 768.72 has been applied to claims brought under FUFTA, although it does cite two cases in which the Florida Supreme Court stated that punitive damages are appropriate where torts are committed with fraud. *See First Interstate Dev. Corp. v. Ablanedo*, 511 So. 2d 536, 539 (Fla. 1987) ("[P]unitive damages are appropriate for any tortious conduct accomplished through fraud . . . ."); *Winn & Lovett Grocery Co. v. Archer*, 171 So. 214, 221 (Fla. 1936) (stating that punitive damages "are given solely as a punishment where torts are committed with fraud"). Second, we have held that section 768.72 is procedural, not substantive, and its pleading requirements are inapplicable to federal diversity cases. *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1295–99 (11th Cir. 1999), *vacated in part on other grounds*, 204 F.3d 1069 (11th Cir. 2000). Although not addressing the precise issue before us in this case, our decision in *Cohen* supports the conclusion that section 768.72 does not create a substantive right to punitive damages and cannot, standing on its own, provide the basis to conclude that a creditor can seek punitive damages against a transferor under FUFTA.

SEPH also points to our decision in *Alliant Tax Credit 31, Inc v. Murphy*, 924 F.3d 1134 (11th Cir. 2019), in which this Court

held that punitive damages are authorized under Georgia's UFTA. *Id.* at 1149. In *Alliant*, we recognized that, under a separate Georgia statute, "[a] court may award punitive damages 'only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed . . . fraud.'" *Id.* (quoting O.C.G.A. § 51-12-5.1(b)). We also noted that Georgia courts had repeatedly stated that "punitive damages are available in fraudulent-transfer actions," both before and after the enactment of Georgia's UFTA. *See id.* at 1149–50 (citing Georgia cases). Finally, we recognized that "[o]ne policy of punitive damages is deterrence," as "[w]ithout punitive damages, nothing other than costs would deter a debtor from attempting to fraudulently transfer his assets." *Id.* at 1150. We acknowledge the similarities between FUFTA and Georgia's UFTA. *Compare* Fla. Stat. § 726.108, *with* O.C.G.A. § 18-2-77. But unlike in Georgia, there is no Florida case law stating that punitive damages are available in fraudulent-transfer actions under FUFTA. To the contrary, the most analogous Florida case law on the issue—*Freeman*—points in the opposite direction.

Although not cited by SEPH, in *Ault v. Lohr*, 538 So. 2d 454 (Fla. 1989), the Florida Supreme Court held that "an express finding of a breach of duty should be the critical factor in an award of punitive damages" and that, as such, "a finding of liability alone will support an award of punitive damages 'even in the absence of financial loss for which compensatory damages would be appropriate.'" *Id.* at 456 (quoting *Lassiter v. Int'l Union of Operating Eng'rs*, 349 So. 2d 622, 626 (Fla. 1976)). Subsequently, in *Engle v. Liggett*

*Group, Inc.*, 945 So. 2d 1246 (Fla. 2006), the court clarified that the required finding of liability is "more than a breach of duty," e.g., causation and reliance. *See id.* at 1262–63. *But see Morgan Stanley & Co. v. Coleman (Parent) Holdings Inc.*, 955 So. 2d 1124, 1132 (Fla. Dist. Ct. App. 2007) (holding, post-*Engle*, that "[a]ctual damages and the measure thereof are essential as a matter of law in establishing a claim of fraud" (alteration in original) (quoting *Nat'l Equip. Rental, Ltd. v. Little It. Rest. & Delicatessen, Inc.*, 362 So. 2d 338, 339 (Fla. Dist. Ct. App. 1978))). Furthermore, in applying *Ault* to a case involving a fraud claim under Florida law, we explained that an award of punitive damages was supported by Florida law where the jury made an express finding that the defendants had defrauded the plaintiff. *See Palm Beach Atl. Coll., Inc. v. First United Fund, Ltd.*, 928 F.2d 1538, 1547 (11th Cir. 1991). However, we note that "a claim for punitive damages is not a separate, freestanding cause of action . . . , but is rather a *remedy* that can be sought based on any properly pled cause of action." *Soffer v. R.J. Reynolds Tobacco Co.*, 187 So. 3d 1219, 1229 (Fla. 2016) (emphasis added).

Here, SEPH raised one actual fraud and two constructive fraud claims under FUFTA against Neverve. To prevail on a fraudulent transfer claim under FUFTA, "a creditor must demonstrate (1) there was a creditor to be defrauded, (2) a debtor intending fraud, and (3) a conveyance—i.e., a 'transfer'—of property which could have been applicable to the payment of the debt due." *Isaiah*, 960 F.3d at 1302; *accord* § 726.105(1)(a). And for a constructive

fraud claim under FUFTA, the creditor must show that the transfer was made without receiving "reasonably equivalent value in exchange" and that the debtor either (1) was engaged in (or about to engage in) "a transaction for which the remaining assets of the debtor were unreasonably small in relation to the . . . transaction" or "[i]ntended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due." Fla. Stat. § 726.105(1)(b).

Without FUFTA's specific remedy provision in section 726.108, it would appear that SEPH could obtain an award of punitive damages against Neverve if the factfinder found Neverve liable for actual or constructive fraud under section 726.105(1). *See Ault*, 538 So. 2d at 456; *Engle*, 945 So. 2d at 1263; *Palm Beach Atl.*, 928 F.2d at 1547; *see also* Fla. Stat. § 726.111. But FUFTA contains a separate provision specifically enumerating a creditor's remedies against transferors, and as previously explained, we interpret section 726.108(1)(c)3.'s catch-all provision—the provision which SEPH relies on to claim it can seek punitive damages against Neverve—to contemplate only equitable remedies, which punitive damages are not. *See Bishop*, 838 F.2d at 1174.

Therefore, because the Florida Supreme Court has declined to expand FUFTA beyond its "purpose and plain language," and has instead urged a "narrow focus" when interpreting FUFTA, *see Freeman*, 865 So. 2d at 1277, we conclude that the Florida Supreme Court would not find that FUFTA allows a creditor to obtain the remedy of punitive damages against a transferor under FUFTA's

catch-all provision.[7]  Accordingly, we affirm the district court's grant of summary judgment as to this claim.

### 3.  Attorney's Fees

We next address whether a creditor, such as SEPH, may recover attorney's fees under FUFTA—another issue of first impression for this Court.  The district court concluded that FUFTA did not permit recovery of attorney's fees, noting that another federal district court in Florida had reached a similar conclusion.  SEPH contends that this was error, asserting that FUFTA's catch-all provision, section 726.108(1)(c)3., and section 726.111's supplementary provisions permit a creditor to recover attorney's fees under FUFTA.  Again, because neither the Florida Supreme Court nor any Florida intermediate appellate court has addressed whether FUFTA allows recovery for attorney's fees, we must decide the issue the way the Florida Supreme Court would.  *Ernie Haire*, 260 F.3d at 1290.

The Florida Supreme Court has stated that attorney's fees incurred in defending or prosecuting a claim "are not recoverable in the absence of a statute or contractual agreement authorizing

---

[7] As both SEPH and the amicus recognize, there is a divide among the States as to whether their versions of the UFTA, including the catch-all provision, allow a creditor to recover punitive damages.  Based on our analysis above and the Florida Supreme Court's narrow interpretation of FUFTA in *Freeman*, we believe that court, if it were to consider out-of-state case law on the UFTA, would likely find persuasive the decisions finding that punitive damages are not recoverable under the UFTA.

28                    Opinion of the Court                    21-11736

their recovery." *Price v. Tyler*, 890 So. 2d 246, 250 (Fla. 2004) (quoting *Bidon v. Dep't of Pro. Regul.*, 596 So. 2d 450, 452 (Fla. 1992)).  In other words, the general rule under Florida law is that each party "bears its own attorneys' fees unless a contract or statute provides otherwise." *Id.* (quoting *Pepper's Steel & Alloys, Inc. v. United States*, 850 So. 2d 462, 465 (Fla. 2003)).  And "statutory authorization for attorney fees is to be strictly construed." *Sarkis v. Allstate Ins. Co.*, 863 So. 2d 210, 223 (Fla. 2003).

Turning to FUFTA, section 726.108 does not contain an express fee-shifting provision.  And given our interpretation of FUFTA's catch-all provision as only contemplating equitable remedies, as well as the Florida Supreme Court's narrow interpretation of FUFTA, *see Freeman*, 865 So. 2d at 1277, and its strict construction of statutory authorization for attorney's fees under Florida law, *see Sarkis*, 863 So. 2d at 223, we conclude that the Florida Supreme Court would find that FUFTA does not permit the recovery of attorney's fees by a creditor.  While SEPH points to non-Florida case law interpreting the UFTA as allowing for the recovery of attorney's fees, we do not believe the Florida Supreme Court would find those cases persuasive given its interpretation of FUFTA and, more broadly, the Florida Supreme Court's adherence to the strict construction of statutory authorization for attorney's fees.[8]

---

[8] In any event, as amicus notes, there is a divide among state courts as to whether their states' versions of the UFTA contemplate recovery of attorney's fees.  For example, Colorado courts have found that attorney's fees are

Accordingly, the district court did not err in granting summary judgment as to this claim.

### B.  SEPH's Equitable Lien Claim

Finally, we turn to SEPH's equitable lien claim.  The district court granted summary judgment in favor of Neverve on this claim.  Noting that it was undisputed Neverve was not in current possession of the BP proceeds, the district court determined that Neverve lacked the authority to impose an equitable lien on those proceeds, even if Neverve had established the elements necessary to obtain such a lien.

SEPH argues that the district court erred because FUFTA allows for an injunction against a debtor that prevents the debtor from further disposing of an asset—here, the BP proceeds.  *See* Fla. Stat. § 726.108(1)(c)1.  We reject this argument.  As an initial matter, unlike its claims for actual and constructive fraud, SEPH waived any argument that it was entitled to equitable relief under FUFTA—an argument it asserts for the first time on appeal.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has 'repeatedly held that "an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court."'" (quoting *Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994))).  Moreover, Florida law's "established rule for imposition of an equitable lien is that the property in

---

unavailable under Colorado's version of the UFTA.  *See Morris v. Askeland Enters., Inc.*, 17 P.3d 830, 833 (Colo. App. 2000).

litigation must be in the possession of the defendant." *Richard Bertram & Co. v. Barrett*, 155 So. 2d 409, 412 (Fla. Dist. Ct. App. 1963). And it is undisputed that Welch and WLF—not Neverve—are in possession of the BP proceeds. Therefore, the district court did not err in granting summary judgment on SEPH's equitable lien claim.

## IV.    CONCLUSION

While we do not condone the alleged conduct by Neverve, Welch, and WLF in this case, the relief SEPH seeks against Neverve is not permitted under FUFTA. Nor does Neverve currently possess the assets on which SEPH seeks an equitable lien. Thus, we affirm the district court's order granting summary judgment in favor of Neverve on SEPH's claims.

**AFFIRMED.**